George B. McDONALD,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 25937.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 31, 2004.

Rosalynn Koch, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Presiding Judge.

George B. McDonald (movant) was convicted, following a plea of guilty, of burglary in the second degree.[1] § 569.170.[2] Movant's plea of guilty was pursuant to a negotiated plea agreement. Following incarceration, movant filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035. Counsel was appointed and an amended motion filed. An evidentiary hearing was held and the motion denied. This court affirms the denial of movant's Rule 24.035 motion. The case, however, is remanded to the motion court with directions.

■ Movant presents one point on appeal. Movant contends he was denied effective assistance of counsel in the underlying criminal case. He argues that his trial counsel was derelict in not requesting a presentence investigation report following movant's plea of guilty. Movant argues that had a presentence investigation report been provided to the sentencing judge, there would have been "a reasonable probability that the trial court would have rejected the plea and offered [movant] the opportunity to withdraw it, or would have granted probation despite the negative report, since it had taken the past record into account in imposing sentence."

■ In *Cupp v. State*, 935 S.W.2d 367 (Mo.App.1996), the court reviewed a judgment that denied a Rule 24.035 motion directed to a conviction based on a negotiated plea agreement. *Cupp* explains:

Movant's conviction was based on a negotiated plea of guilty. Any claim of ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge

with which the plea of guilty was made. *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992). In order to show ineffective assistance of counsel, movant must show his representation fell below an objective standard of reasonableness and that, as a result, he was prejudiced. *Id.* Movant must show, but for the conduct of his trial attorney about which he complains, he would not have pleaded guilty but would have insisted on going to trial. *Id.* at 464.

*Id.* at 368.

The motion court's findings of fact include the following regarding other criminal actions movant was facing at the time he pleaded guilty to the Jasper County offense that is the subject of this Rule 24.035 appeal.

At the time of disposition of the case in Jasper County the movant had previously appeared before The Honorable James R. Bickel, Circuit Judge of Vernon County Circuit Court, 28th Judicial Circuit at Nevada, Missouri. His appearance was on the 23rd day of July, 2002 for a probation violation. On that date Judge Bickel found the movant in violation of the terms of his probation. His probation was revoked, and, due to a previous entry of suspended imposition of sentence, the movant was sentenced to a term of seven (7) years in the Missouri Department of Corrections. He was sentenced under the provisions of Section 559.115 RSMo and ordered committed to the Institutional Treatment Center. Judge Bickel ordered him held in custody until a bed date could be obtained and then transported to the Missouri Department of Corrections thirty (30) days prior to the bed date.

---

1. Movant was charged by information with burglary in the second degree (Count I) and stealing (Count II). He pleaded guilty to the burglary offense. The stealing charge was dismissed.

2. References to statutes are to RSMo 2000.

Evidence at the evidentiary hearing revealed that the movant also had pending charges in Newton County that required resolution prior to transport. Apparently, those charges were resolved in December, 2002, and the result was also a seven (7) year sentence in the Missouri Department of Corrections. The Newton County judgment also specified commitment under the provisions of Section 559.115 RSMo and placement in the Institutional Treatment Center.

The movant was ultimately delivered to the Missouri Department of Corrections on January 6, 2003, to commence service of the three (3) seven (7) year sentences from each jurisdiction. These seven (7) year sentences received concurrent treatment.

(Reference to exhibit omitted.)

The trial court in which movant pleaded guilty received a report from the department of corrections on March 27, 2003, regarding movant's program participation.[3] According to movant, the report recommended that movant be denied probation. Probation was denied.

Movant's allegation of error, as this court understands it, is that the report the trial court received from the department of corrections reported satisfactory progress by movant in that agency's treatment program, but nevertheless recommended that probation be denied. Movant contends this recommendation was based on his record of offenses committed prior to the three offenses to which he pleaded guilty and for which he received concurrent seven-year sentences. As this court understands movant's argument, he contends his trial counsel in his criminal case was deficient in permitting him to waive presentence investigation; that had a presen-

tence investigation been obtained, the trial judge would have had the information on which movant asserts the recommendation that he not be granted probation was based. Movant argues this would have caused him to know he would not be recommended for probation after 120 days incarceration as permitted by § 559.115.2; that he would not, therefore, have pleaded guilty. Movant contends, for that reason, his plea of guilty was not voluntarily and knowingly entered.

The motion court, relying on *Moore v. State*, 39 S.W.3d 888 (Mo.App.2001), and *Morrison v. State*, 75 S.W.3d 893 (Mo.App. 2002), concluded:

It has been consistently held "(i)n considering Rule 24.035 claims of ineffective assistance of counsel, courts must 'view the reasonableness of counsel's conduct from counsel's perspective at the time and eliminate hindsight from consideration'." *Moore*, 39 S.W.3d at 893 quoting *Henderson v. State*, 977 S.W.2d 508, 511 (Mo.App. S.D.1998). It has further been held that " 'scrutiny of counsel's performance must be highly deferential,' and this presumption serves to eliminate 'the distorting effects of hindsight.' " *Morrison v. State*, 75 S.W.3d 893, 895 (Mo.App. S.D.2002) quoting *Strickland [v. Washington]*, 466 U.S. [668] at 689, 104 S.Ct. [2052] at 2065, [80 L.Ed.2d 674 (1984)].

The motion court concluded that movant "failed to carry his burden of proof, and ... failed to overcome trial counsel's presumption of competency." It stated in its conclusions of law:

What is completely overlooked by movant and his counsel is the fact that neither the state nor a criminal defen-

---

**3.** This court was not provided with a copy of the report the trial court received from the department of corrections.

dant in a criminal case has the right to require a circuit court to grant probation or to consider granting probation within 120 days following delivery to the Missouri Department of Corrections. Section 559.115.2 (prior to the enactment of Senate Bill 5 in the year 2003) is very precise when it states that the circuit court may grant probation within 120 days after delivery to the Missouri Department of Corrections "only upon its own motion and not that of the state or the defendant." [4] "Whether a circuit court will grant or consider probation within that time is not subject to being bargained between the state and the defendant." *Bauer v. State*, 949 S.W.2d 248, 250 (Mo.App. S.D.1997)(concurring opinion).

In the movant's underlying criminal case, contrary to the contention of movant, the placement in the Missouri Department of Corrections Institutional Treatment Center under the provisions of Section 559.115 RSMo was not part of the plea bargain. However, the Court did grant the request for placement in the Missouri Department of Corrections Institutional Treatment Center. Furthermore, the trial counsel testified, and this Court believes, that the trial counsel at no time promised the movant he would be called back and placed on probation following his 120 day treatment.

The motion court's conclusions of law further state, "It would be pure conjecture for the [motion] Court to state whether it would or would not have accepted the plea agreement had it had the benefit of a presentence investigation report from the Missouri Board of Probation and Parole, because no one knows what that report would have contained." The motion court added:

[Movant] got exactly what he bargained for. His attorney did exactly what he asked him to do. There is nothing in [the record in defendant's criminal case] and nothing was presented in evidence in this proceeding to indicate that the movant's plea of guilty was rendered involuntary for any reason. The fact that the trial court in this jurisdiction and in Vernon County refused to grant the movant probation after the 120 day treatment program was a discretionary act. The act of denying movant probation by the trial court in this case did not render his plea of guilty involuntary.

The motion court concluded that movant did not establish "that his trial counsel failed to exercise the customary skill and diligence that a reasonable and competent attorney would perform under the same or similar circumstances." It held that movant did not satisfy either the performance or prejudice prong of the test to determine ineffective assistance of counsel; that movant was not denied effective assistance of counsel.

This court's review of the record on appeal reveals that the judgment of the motion court is based on findings of fact that are not clearly erroneous; that no error of law appears. Further opinion would have no precedential value. Movant's point on appeal is denied in compliance with Rule 84.16(b)(2) and (5).

■ Although the foregoing disposes of the issue raised on appeal, a further matter requires attention and direction. The charge to which movant pleaded guilty was burglary in the second degree, Count I of the information by which he was charged in his criminal case. *See* n. 1, *supra.* Sentence was imposed for that offense. However, the copy of the "Sentence and Judgment" from movant's criminal case that is part of the legal file in this appeal does not

---

4. Movant's plea of guilty was entered November 18, 2002.

reflect that the sentence imposed was for that offense. It erroneously states that movant pleaded guilty to and was sentenced for the offense of stealing. As in *State v. Booyer,* 87 S.W.3d 926, 931 (Mo. App.2002), this was a failure to accurately memorialize the judgment the trial court announced in open court, obviously a clerical error. Rule 24.035(j) directs a motion court to correct the judgment and sentence in an underlying criminal case as appropriate. That should have been done in this case.

Rule 84.13(c) provides that an appellate court may consider plain errors affecting substantial rights, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom. This court finds that the motion court's failure to correct the judgment and sentence in the underlying criminal case to reflect the correct offense for which movant was found guilty and sentenced was plain error. Rule 29.12 permits correction of clerical errors in judgments in criminal cases that are the result of oversight or omission. The motion court erred in not correcting the sentence in the criminal case as aforesaid. This case must be remanded, and the motion court is instructed to order entry of a corrected judgment and sentence in the underlying criminal case that complies with what the trial judge announced in open court.

The order denying movant's Rule 24.035 motion is affirmed. The case is remanded with directions that the motion court order entry of a corrected judgment and sentence in the underlying criminal case consistent with this opinion.

SHRUM and BATES, JJ., concur.