**Andre MOORE, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

No. ED 93295.

Missouri Court of Appeals,
Eastern District,
Division One.

July 6, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 2010.

Jo Ann Rotermund, Asst. Public Defender, St. Louis, MO, for appellant.

Daniel N. McPherson, Asst. Atty. Gen., Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Movant, Andre Moore, appeals from the judgment denying on the merits his Rule 24.035 motion for post-conviction relief without an evidentiary hearing after he pleaded guilty to possession of a controlled substance, in violation of section 195.202 RSMo (2000); felony resisting arrest, in violation of section 575.150 RSMo (Cum. Supp.2005); and felony driving while revoked, in violation of section 302.321 RSMo (Cum.Supp.2005). We affirm the judg-

ment of the motion court. However, we remand to the motion court to order entry of a nunc pro tunc order to conform the written judgment in the underlying case to the oral disposition at sentencing.

Movant pleaded guilty to charges in two separate actions. In Case No. 22041–2535, the indictment charged movant with possession of a controlled substance (cocaine base) on June 22, 2004. In Case No. 22061–1353, the indictment charged movant with the class D felony of resisting arrest, and the class D felony of driving while revoked, both on April 26, 2001. After accepting these pleas, the court sentenced movant to seven years imprisonment on the possession of a controlled substance conviction in Case No. 22041–2535, and seven years imprisonment on the resisting arrest conviction and four years imprisonment on the felony driving while revoked conviction in Case No. 22061–1353, all sentences to be served concurrently.

Thereafter, movant timely filed *a pro se* Rule 24.035 motion for post-conviction relief, and appointed counsel filed an amended motion and request for an evidentiary hearing. The motion court denied the request for an evidentiary hearing and entered findings of fact, conclusions of law, and an order denying movant's motion for post-conviction relief. Movant appeals from this judgment.

## DISCUSSION

Our review of the motion court's action on a motion filed under Rule 24.035 is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Roberts v. State,* 276 S.W.3d 833, 835 (Mo. banc 2009). The findings and conclusions are clearly erroneous only if after reviewing the entire record, we are left with a

definite and firm impression that a mistake has been made. *Roberts*, 276 S.W.3d at 835.

In order to receive an evidentiary hearing on a post-conviction motion, a "movant must meet three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not conclusively refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant." *Peiffer v. State*, 88 S.W.3d 439, 445 (Mo. banc 2002). A hearing is not required if the motion, files, and records of the case conclusively show that the movant is not entitled to relief. Rule 24.035(h).

Claims of error that first appear in the argument portion of a brief but are not included in the point relied on are not preserved for review. *Stevenson v. State*, 299 S.W.3d 762, 765 (Mo.App.2009).

### I. *Prior and Persistent Offender Finding*

For his first point, movant asserts that the motion court erred when it denied relief without an evidentiary hearing on his claim that the state failed to adequately establish movant's status as a prior and persistent offender at the change of plea hearing. We disagree.

At the change of plea hearing, the state listed the following prior convictions in support of a finding that movant was a prior and persistent felony offender:

[PROSECUTOR]: ... [O]n July 22nd, 1998, the defendant pled guilty to the felony of trafficking second degree in Cause Number 971–4374 in the Circuit Court, City of St. Louis, State of Missouri.

And on February 2nd, 1996, the defendant pled guilty to the felony of possession of a controlled substance, cocaine base, in Cause Number 951–1599B in the Circuit Court of the City of St. Louis, State of Missouri.

And on March 21st, 1995, the defendant pled guilty to the felony of distribution of a controlled substance near a school in Cause Number 941–3513A in the Circuit Court, City of St. Louis, State of Missouri.

And do you want me to mention the fourth one?

THE COURT: Go ahead.

[PROSECUTOR]: On March 21st, 1995, the defendant pled guilty to felony of possession of controlled substance, cocaine base, Cause Number 951–553B in the Circuit Court, City of St. Louis, State of Missouri.

In his motion, movant alleged that the court lacked "jurisdiction" to sentence him to seven years for resisting arrest because the state failed to prove that movant's prior convictions used to enhance movant's sentence as a prior and persistent offender occurred at different times. In denying this claim, the motion court concluded that movant's claim was without merit because the court could infer that movant's prior convictions were committed at different times.

Section 558.016.3 RSMo (Cum.Supp. 2005) defines a persistent offender as "one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.021.1 RSMo (2000) requires the court to find a defendant to be a persistent offender if: (1) the indictment or information pleads all essential facts warranting a finding that the defendant is a persistent offender; (2) evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a persistent offender; and (3) the court makes findings of fact that warrant a finding beyond a reasonable

doubt by the court that the defendant is a persistent offender.

■ When it may be clearly inferred from the dates of the convictions that the prior felonies were committed at different times, the defendant is required to come forward with evidence that the crimes were, in fact, committed at the same time. *State v. Thornton*, 651 S.W.2d 164, 168 (Mo.App.1983); *State v. Cullen*, 646 S.W.2d 850, 854 (Mo.App.1982); *State v. Leake*, 608 S.W.2d 564, 565–66 (Mo.App. 1980). If a defendant does not do so, the state is not required to offer additional evidence that the felonies were committed at different times. *See Cullen*, 646 S.W.2d at 854; *Leake*, 608 S.W.2d at 565–66.

Here, the state's evidence showed that movant was convicted of prior felonies in 1998, 1996, and 1995, and movant acknowledged that he had been convicted of these crimes. These dates allow a clear inference that two or more of movant's prior felonies were committed at different times. *See, e.g., Thornton*, 651 S.W.2d at 168; *Cullen*, 646 S.W.2d at 854; *Leake*, 608 S.W.2d at 565–66. Movant did not come forward with any evidence to refute that inference. Accordingly, the evidence sufficiently established that two or more of movant's prior felonies were committed at different times.

Movant's reliance on *Matthews v. State*, 123 S.W.3d 307 (Mo.App.2003), is misplaced. In that case, unlike this one, the state failed to present *any* evidence of the movant's prior felony convictions.

The record in this case conclusively refuted movant's claim that the state failed to adequately establish his status as a prior and persistent offender at the change of plea hearing. The motion court did not err in denying relief without an evidentiary hearing on this claim. Point one is denied.

## II. *Felony Driving While Revoked*

For his second point, movant asserts the motion court erred when it denied relief without an evidentiary hearing on his claim that the state failed to plead and prove (1) that movant was represented by counsel or waived his right to counsel in his prior driving while revoked convictions, and (2) that movant served ten days on each of his prior driving while revoked convictions. He contends that the state was required to plead and prove these facts in order to charge and sentence him for felony driving while revoked. We disagree.

At the change of plea hearing, the state listed movant's prior convictions for driving while revoked:

> [PROSECUTOR]: And furthermore, on March 14th, 2005, the defendant was convicted of driving while revoked in the 22nd Judicial Circuit, City of St. Louis, and for events which occurred January 24th, 2005; and again on March 10th, 2005, the defendant was convicted of driving while license revoked in this circuit for events which occurred on May 25th, 2004; again, on November 27th, 2001, the defendant was convicted of driving while license revoked in this circuit for events which occurred on September 14th, 1998, and sentenced to serve sentence of ten days or more. And furthermore, the defendant is a prior persistent offender as already stated in the previous case that he plead guilty to.

In his amended motion, movant alleged that the court lacked "jurisdiction" to sentence him for the class D felony of driving while revoked because the state failed to prove that movant was represented by counsel or waived his right to counsel in the prior cases and failed to prove that movant served ten days on each of the prior driving while revoked convictions,

which, he contends, is required by section 302.321.2 RSMo (Cum.Supp.2005). The motion court concluded that movant's claim had no merit because section 302.321.2 RSMo (Cum.Supp.2005) did not require that movant have served ten days on each of his prior convictions or that he was represented by counsel in each of those cases in order to be charged with felony driving while revoked. We agree.

Section 302.321.2 RSMo (Cum.Supp. 2005) specifies when a driving while revoked conviction is enhanced to a felony:

2. Any person convicted of driving while revoked is guilty of a class A misdemeanor. Any person with no prior alcohol-related enforcement contacts as defined in section 302.525, convicted a fourth or subsequent time of driving while revoked or a county or municipal ordinance of driving while suspended or revoked where the defendant was represented by or waived the right to an attorney in writing, and where the prior three driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense; and any person with a prior alcohol-related enforcement contact as defined in section 302.525, convicted a third or subsequent time of driving while revoked or a county or municipal ordinance of driving while suspended or revoked where the defendant was represented by or waived the right to an attorney in writing, and where the prior two driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense and where the person received and served a sentence of ten days or more on such previous offenses is guilty of a class D felony. No court shall suspend the imposition of sentence as to such a person nor sentence such person to pay a fine in lieu of a term of imprisonment, nor shall such person be eligible for parole or probation until such person

has served a minimum of forty-eight consecutive hours of imprisonment, unless as a condition of such parole or probation, such person performs at least ten days involving at least forty hours of community service under the supervision of the court in those jurisdictions which have a recognized program for community service. Driving while revoked is a class D felony on the second or subsequent conviction pursuant to section 577.010, RSMo, or a fourth or subsequent conviction for any other offense.

*A. Representation by or Waiver of Counsel*

We first consider movant's claim that the phrase "where the defendant was represented by or waived the right to an attorney in writing," which is in the second sentence of the statute, applies to him. When we interpret a statute, our primary task is to ascertain the intent of the legislature from the language used and give effect to that intent if possible. *State v. McLaughlin*, 265 S.W.3d 257, 266 (Mo. banc 2008); *Rothschild v. State Tax Com'n of Missouri*, 762 S.W.2d 35, 37 (Mo. banc 1988); *Nelson v. State*, 250 S.W.3d 386, 391 (Mo.App. E.D.2008). To accomplish this task, we give the words used in the statute their plain meaning. *McLaughlin*, 265 S.W.3d at 266; *Rothschild*, 762 S.W.2d at 37. We presume the legislature did not intend to use superfluous, meaningless, and redundant language. *Nelson*, 250 S.W.3d at 392; *State v. Sparks*, 916 S.W.2d 234, 236 (Mo.App.1995). We also may consider how a statute has been amended over time. *Sparks*, 916 S.W.2d at 236. Here, when considered together, the legislative history, plain meaning of the words used, and the presumption against redundant and superfluous language support the conclusion that the state was not required to

plead or prove that movant was represented by or waived the right to an attorney in his prior convictions in order to charge and convict him of the class D felony of driving while revoked.

Prior to 2002, section 302.321.2 did not allow the state to use a defendant's county or municipal ordinance convictions to enhance the offense of driving while revoked to a felony. Rather, the 2000 version of section 302.321.2 covered only state law violations and did not require allegations or proof that the defendant was represented by or waived the right to counsel, or that the defendant had received and served a sentence of at least ten days:

> Any person convicted of driving while revoked is guilty of a class A misdemeanor. Any person with no prior alcohol-related enforcement contacts as defined in section 302.525, convicted a fourth or subsequent time of driving while revoked and any person with a prior alcohol-related enforcement contact as defined in section 302.525, convicted a third or subsequent time of driving while revoked is guilty of a class D felony. No court shall suspend the imposition of sentence as to such a person nor sentence such person to pay a fine in lieu of a term of imprisonment, nor shall such person be eligible for parole or probation until such person has served a minimum of forty-eight consecutive hours of imprisonment, unless as a condition of such parole or probation, such person performs at least ten days involving at least forty hours of community service under the supervision of the court in those jurisdictions which have a recognized program for community service. Driving while revoked is a class D felony on the second or subsequent conviction pursuant to section 577.010, RSMo, or a fourth or subsequent conviction for any other offense.

Section 302.321.2 RSMo (2000).

In 2002, the use of county or municipal ordinance violations for enhancement purposes was added to the statute, among other amendments. The statute as fully amended read as follows:

> Any person convicted of driving while revoked is guilty of a class A misdemeanor. Any person with no prior alcohol-related enforcement contacts as defined in section 302.525, convicted of a fourth or subsequent time of driving while revoked [or a county or municipal ordinance of driving while suspended or revoked where the judge in such case was an attorney and the defendant was represented by or waived the right to an attorney in writing, and where the prior three driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense and where the person received and served a sentence of ten days or more on such previous offenses;] and any person with a prior alcohol-related enforcement contact as defined in section 302.525, convicted a third or subsequent time of driving while revoked [or a county or municipal ordinance of driving while suspended or revoked where the judge in such case was an attorney and the defendant was represented by or waived the right to an attorney in writing, and where the prior two driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense and where the person received and served a sentence of ten days or more on such previous offenses] is guilty of a class D felony. No court shall suspend the imposition of sentence as to such a person nor sentence such person to pay a fine in lieu of a term of imprisonment, nor shall such person be eligible

for parole or probation until such person has served a minimum of forty-eight consecutive hours of imprisonment, unless as a condition of such parole or probation, such person performs at least ten days involving at least forty hours of community service under the supervision of the court in those jurisdictions which have a recognized program for community service. Driving while revoked is a class D felony on the second or subsequent conviction pursuant to section 577.010, RSMo, or a fourth or subsequent conviction for any other offense.

Section 302.321.2 RSMo (Cum.Supp.2002) (new provisions in brackets).

In 2005, section 302.321.2 was amended again to its present form. This is the version applicable to defendant. We repeat it here, showing the changes, all of which were deletions:

2. Any person convicted of driving while revoked is guilty of a class A misdemeanor. Any person with no prior alcohol-related enforcement contacts as defined in section 302.525, convicted a fourth or subsequent time of driving while revoked or a county or municipal ordinance of driving while suspended or revoked where ~~the judge in such case was an attorney and~~ the defendant was represented by or waived the right to an attorney in writing, and where the prior three driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense ~~and where the person received and serve a sentence of ten days or more on such previous offenses~~; and any person with a prior alcohol-related enforcement contact as defined in section 302.525, convicted a third or subsequent time of driving while revoked or a county or municipal ordinance of driving while suspended or revoked where ~~the judge in~~ such case was an attorney and the defendant was represented by or waived the right to an attorney in writing, and where the prior two driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense and where the person received and served a sentence of ten days or more on such previous offenses is guilty of a class D felony. No court shall suspend the imposition of sentence as to such a person nor sentence such person to pay a fine in lieu of a term of imprisonment, nor shall such person be eligible for parole or probation until such person has served a minimum of forty-eight consecutive hours of imprisonment, unless as a condition of such parole or probation, such person performs at least ten days involving at least forty hours of community service under the supervision of the court in those jurisdictions which have a recognized program for community service. Driving while revoked is a class D felony on the second or subsequent conviction pursuant to section 577.010, RSMo, or a fourth or subsequent conviction for any other offense.

Our analysis focuses on the second sentence of this statute, which sets out circumstances in which prior driving while revoked or similar offenses may be used for enhancement. Movant falls under the beginning part of the second sentence because he was a person with no prior alcohol-related contacts and was convicted a fourth time of driving while revoked. The issue is whether the phrase "where the defendant was represented by or waived the right to an attorney in writing," in the clause "or a county or municipal ordinance of driving while suspended or revoked where the defendant was represented by or waived the right to an attorney in writing," modifies only county and municipal ordinance convictions or if it also modifies

the state law offense of driving while revoked.

We first observe that the 2000 version of the Revised Statutes of Missouri included only state law driving while revoked offenses. Section 302.321.2 RSMo (2000). That version of the statute did not require allegations or proof that a defendant was represented by an attorney or waived representation in writing. *Id.* These requirements were added with the 2002 amendment to this section, the same amendment that added county and municipal ordinances to the enhancement offenses. Section 302.321.2 RSMo (Cum.Supp.2002).

■ Further, the words "convicted a fourth or subsequent time of driving while revoked" are followed by the word "or," which ordinarily denotes an alternative to the preceding phrase. *See Stonger ex rel. Stonger v. Riggs,* 85 S.W.3d 703, 708 (Mo. App.2002). Thus, "a county or municipal ordinance of driving while suspended or revoked" is a category of violation that is an alternative to the state violation of driving while revoked.

■ Moreover, it is this alternative that is modified by the words "where the defendant was represented by or waived the right to an attorney in writing." There is no comma or other punctuation separating the phrase beginning with "where" from the language immediately preceding it. The long recognized "last antecedent rule" instructs that: " 'relative and qualifying words, phrases, or clauses are to be applied to the words or phrase immediately preceding and are not to be construed as extending to or including others more remote.' " *Rothschild,* 762 S.W.2d at 37 (quoting *Citizens Bank & Trust v. Director of Revenue,* 639 S.W.2d 833, 835 (Mo.1982)). Accordingly, the phrase, "where the defendant was represented by or waived the right to an attorney in writing," modifies only the alternative begin-ning with "or" and not the more remote "driving while revoked." Thus, the plain language of the statute only requires the state to allege or prove that a defendant was represented by or waived his or her right to an attorney when the defendant's prior convictions were for violations of county or municipal ordinances.

In addition, we presume

that the legislature intended for every word, clause, sentence, and provision of a statute to have effect. *Civil Service Commission of the City of St. Louis v. Members of the Board of Aldermen of the City of St. Louis,* 92 S.W.3d 785, 788 (Mo. banc 2003). Indeed, "a presumption exists 'that the legislature does not insert idle verbiage or superfluous language in the statute.' " *Id.* In construing statutes, we are required to give meaning to each word or phrase of the statute whenever possible. *State ex rel. BP Products North America Inc. v. Ross,* 163 S.W.3d 922, 927 (Mo. banc 2005).

*Nelson,* 250 S.W.3d at 392. Further, we presume that the legislature does not intend for a statute to be redundant. *Id.*; *Sparks,* 916 S.W.2d at 236. "Every word in a statute should be given effect and it should be presumed that the legislature did not enact meaningless provisions." *State v. Stewart,* 113 S.W.3d 245, 249 (Mo. App.2003). State law requires that any defendant who faces imprisonment have the assistance of counsel if the defendant desires such assistance. *See* Mo. Const. art. 1, section 18(a); Rule 31.02(a). It would be redundant and would serve no further purpose in protecting a defendant's rights for the legislature to require the state to prove that the defendant was represented by or waived representation of counsel when prior convictions for state law offenses are used to enhance driving

while revoked to a felony. *See Sparks*, 916 S.W.2d at 236.

For all of the above reasons, we conclude that the language requiring attorney representation or waiver does not apply to the state law violations. The state was not required to plead or prove that movant was represented by or waived his right to an attorney in his prior convictions in order to charge and convict movant of the class D felony of driving while revoked because all of movant's prior convictions were based on violations of state law.

### B. *Ten Day Sentences*

■ We next consider movant's claim that the state was required to prove that he received and served ten days on each conviction used for enhancement. As seen in the passages set out above, the 2002 amendments to section 302.321.2 expressly required defendants who had no prior alcohol-related enforcement contacts and those who did have alcohol-related contacts to have received and served ten-day sentences on the prior driving while revoked offenses. However, the 2005 amendment to section 302.321.2 removed the ten-day sentence language from the provision covering defendants who had no prior alcohol-related enforcement contacts. *See* Section 302.321.2 RSMo. (Cum.Supp.2005).[1] Since movant did not have prior alcohol-related enforcement contacts, the ten-day sentence requirement did not apply to movant's prior convictions.

Movant's claims that (1) the state failed to plead and prove that movant was represented by counsel or waived his right to counsel in his prior driving while revoked

convictions, and (2) that movant served ten days on each of his prior driving while revoked convictions did not allege facts warranting relief. The motion court did not err in denying an evidentiary hearing on these claims. Point two is denied.

### III. *Felony Resisting Arrest*

For his third point, movant contends that the motion court erred in denying post conviction relief because the court lacked a factual basis to accept movant's guilty plea to felony resisting arrest. He contends the state failed to prove that the underlying offense was a felony or that movant created a substantial risk of serious injury or death when he fled from the police.

In his amended motion, movant alleged that there was no factual basis for his guilty plea to felony resisting arrest because the state failed to prove that the underlying charge, driving while revoked, was a felony. In addition, movant alleged that the state failed to plead or prove that he created a substantial risk of serious physical injury or death to any person as required by section 575.150 RSMo (Cum. Supp.2005).

The motion court found these claims had no merit. It rejected movant's claim that the underlying offense was a misdemeanor because the state had established a factual basis for the enhancement of the underlying offense to felony driving while revoked. It also found that movant had admitted that he refused to stop, that he drove erratically at a high rate of speed, and that he violated stop signs at a high rate of

---

1. As amended this sentence now reads:

    Any person with no prior alcohol-related enforcement contacts as defined in section 302.525, convicted a fourth or subsequent time of driving while revoked or a county or municipal ordinance of driving while suspended or revoked where the defendant was represented by or waived the right to an attorney in writing, and where the prior three driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense ... is guilty of a class D felony.

speed. It concluded that this evidence was sufficient to find that movant created a substantial risk of injury to other persons.

Section 575.150.5 RSMo (Cum.Supp. 2005) lists the circumstances that make the offense of resisting or interfering with an arrest a class D felony:

> 5. Resisting or interfering with an arrest is a class D felony for an arrest for a:
>
> (1) Felony;
>
> (2) Warrant issued for failure to appear on a felony case; or
>
> (3) Warrant issued for probation violation on a felony case.

The statute also allows a defendant to be charged with felony resisting arrest if the defendant "[fled] in such a manner that the person fleeing creates a substantial risk of serious physical injury or death to any person...." Section 575.150.5 RSMo (Cum.Supp.2005). Thus, a defendant may be charged with the class D felony of resisting or interfering with an arrest if that defendant was arrested for committing a felony *or* if that defendant fled in a way that created a substantial risk of serious physical injury or death.

■ Movant argues that because the state failed to prove that the crime for which he was being arrested was a felony, it needed to show that movant fled in a way that created a substantial risk of serious injury or death to another person, which, he contends, it failed to do. We disagree. In our discussion under point two, we held that the state showed that movant was being arrested for *felony* driving while revoked when he fled from the police. Movant's arrest for a felony made the offense of resisting arrest a felony and constituted a factual basis for the court to accept movant's guilty plea for felony resisting arrest.

Movant failed to allege facts warranting relief on this claim, and therefore was not entitled to an evidentiary hearing. Point three is denied.

## IV. *Remand*

■ Although movant did not raise this issue in his brief on appeal, the state has asked us to remand this case so that the written judgment in Case No. 22061–1353, which included the felony driving while revoked charge, can be corrected. The record shows that in that case, movant was charged with and pleaded guilty to the class D felony of driving while revoked, and the court sentenced movant to four years imprisonment on that offense during the change of plea hearing, which is the maximum penalty for a class D felony. Section 558.011.1(4) RSMo (Cum.Supp. 2003). However, the sentence and judgment form in that case records that movant pleaded guilty to the "class A misdemeanor" of driving while revoked. A court's failure to properly memorialize the class of crime that a defendant has been found guilty of on the sentence and judgment form is considered a clerical mistake. *State v. Pruitt*, 192 S.W.3d 512, 514–15 (Mo.App.2006).

■ In addition, at the change of plea hearing, the court found that movant was a prior and persistent felony offender and sentenced movant as a prior and persistent felony offender. However, the court did not check the boxes reflecting that finding on the sentence and judgment form. A court's failure to check the appropriate boxes on a sentence and judgment form memorializing its finding that the defendant is a prior or persistent offender is also considered a clerical mistake. *State v. Scott*, 298 S.W.3d 913, 918 (Mo.App.2009); *McDonald v. State*, 141 S.W.3d 526, 529–30 (Mo.App.2004).

Rule 29.12(c) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders." Where there is a basis in the record to support an amendment to the judgment, and the trial court's intentions about the defendant's sentence are clear from the record, clerical mistakes can be corrected through a nunc pro tunc order, which is used to make the record conform to what was actually done. *Scott*, 298 S.W.3d at 918. The motion court has the power to correct the judgment in the underlying criminal case. Rule 24.035(j); *McDonald*, 141 S.W.3d at 530. We may consider the clerical mistake in the judgment to be plain error. *McDonald*, 141 S.W.3d at 530. In these circumstances, we can remand to the motion court to order entry of a corrected judgment and sentence in the underlying criminal case that complies with what the trial judge announced in open court. *Id.*

### Conclusion

The judgment of the motion court is affirmed. The case is remanded with directions that the motion court order entry of a nunc pro tunc order to conform the written judgment to the oral disposition at sentencing.

CLIFFORD H. AHRENS, J. and NANNETTE A. BAKER, J., concur.