Joshua JOHNSON, et al., Appellant,

v.

MISSOURI BOARD OF PROBATION
AND PAROLE, Respondent.

No. WD 74090.

Missouri Court of Appeals,
Western District.

Jan. 31, 2012.

Rehearing Denied March 27, 2012.

Joshua Johnson, Appellant Pro Se, Farmington, MO, for appellant.

Andrew W. Hassell, Jefferson City, MO, for respondent.

Before Division Four: LISA WHITE HARDWICK, Chief Judge, Presiding, JAMES M. SMART and ALOK AHUJA, Judges.

LISA WHITE HARDWICK, Chief Judge.

Joshua Johnson appeals the circuit court's judgment denying his petition for a writ of prohibition. He contends he was entitled to a writ prohibiting the Board of

Probation and Parole ("Board") from applying the lifetime parole supervision provisions of Section 217.735 [1] to him. Specifically, he argues the Board's interpretation of Section 217.735 is contrary to the legislature's intent and violates the constitutional prohibition against *ex post facto* laws. For reasons explained herein, we find no error and affirm the circuit court's judgment.

### FACTUAL AND PROCEDURAL HISTORY

Johnson is presently an inmate in the Missouri Department of Corrections. In July 2008, he pled guilty to one count of sexual assault, Section 566.040, and one count of statutory sodomy in the first degree, Section 566.062, for acts he committed in March 2007. The court sentenced him to two concurrent five-year terms of imprisonment.

In September 2010, Johnson received a letter from the Board advising him it was modifying the way it applied the statutory lifetime parole supervision requirements for certain sex offenders. The Board explained that, pursuant to the current version of Section 217.735, which went into effect on June 5, 2006, lifetime parole supervision is required when an offender has been found guilty or pled guilty to rape under Section 566.030, statutory rape in the first degree under Section 566.032, forcible sodomy under Section 566.060, or statutory sodomy in the first degree under Section 566.062; and the finding or plea of guilty is based upon an act committed on or after August 28, 2006. The Board informed Johnson that he met these requirements and would now be subject to lifetime parole supervision, which includes global positioning system ("GPS") electronic monitoring.

Along with this notice, the Board also sent Johnson a copy of a letter it had sent to the courts of this state in July 2010, notifying them of its decision to modify the way it applied Section 217.735. In its letter to the courts, the Board explained that, before 2006, the statute provided for lifetime parole supervision for those persons who committed the crimes listed in the statute only if they were prior sex offenders. Section 217.735.1, RSMo Cum.Supp. 2005, read:

Notwithstanding any other provision of law to the contrary, the board shall supervise an offender for the duration of his or her natural life when the offender has pleaded guilty to or been found guilty of an offense under sections 556.030 [rape], 566.032 [statutory rape in the first degree], 566.060 [forcible sodomy], 566.062 [statutory sodomy in the first degree], 566.067 [child molestation in the first degree], 566.083 [sexual misconduct involving a child], 566.100 [sexual abuse], 566.151 [enticement of a child], 566.212 [sexual trafficking of a child], 568.020 [incest], 568.080 [child used in sexual performance], or 568.090 [promoting sexual performance by a child], RSMo, based on an act committed on or after August 28, 2005, against a victim who was less than fourteen years old and the offender is a prior sex offender as defined in subsection 2 of this section.

In 2006, however, the legislature amended the language of the statute to read:

Notwithstanding any other provision of law to the contrary, the board shall supervise an offender for the duration of his or her natural life when the offender has pleaded guilty to or been found guilty of an offense under section 566.030 [rape], 566.032 [statutory rape in the first degree], 566.060 [forcible sod-

**1.** All statutory citations are to the Revised Statutes of Missouri 2000, as updated by the Cumulative Supplement 2010, unless otherwise indicated.

omy], or 566.062 [statutory sodomy in the first degree], RSMo, based on an act committed on or after August 28, 2006, or the offender has pleaded guilty to or has been found guilty of an offense under section 566.067 [child molestation in the first degree], 566.083 [sexual misconduct involving a child], 566.100 [sexual abuse], 566.151 [enticement of a child], 566.212 [sexual trafficking of a child], 566.213 [sexual trafficking of a child under twelve], 568.020 [incest], 568.080 [child used in sexual performance], or 568.090 [promoting sexual performance by a child], RSMo, based on an act committed on or after August 28, 2006, against a victim who was less than fourteen years old and the offender is a prior sex offender as defined in subsection 2 of this section.

§ 217.735.1.

The Board told the courts that, when the 2006 version of the statute initially went into effect, the Board applied the lifetime parole supervision requirements in the same manner as under the prior version of the statute. That is, it ordered lifetime parole supervision for persons who committed any of the crimes listed in the statute only if those persons were prior sex offenders. After additional analysis of the amended statute's construction, however, the Board determined the plain language of the 2006 version of Section 217.735.1 caused the victim's age requirement and the prior sex offender requirement to apply only to the second set of crimes listed in the statute, Sections 566.067 to 568.090, and not to the first set of crimes, Sections 566.030 to 566.062.

After receiving the Board's notice that he was subject to Section 217.735's lifetime parole supervision provisions, Johnson filed a petition for a writ of prohibition in the Cole County Circuit Court.[2] In his petition, he asserted he was entitled to a writ prohibiting the Board from applying its revised interpretation of Section 217.735.[3] Johnson argued he was not subject to lifetime parole supervision under the statute because the legislature intended such supervision apply only to prior sex offenders and he was not a prior sex offender. Additionally, Johnson contended the Board's application of its revised interpretation of Section 217.735 violated the constitutional prohibition against *ex post facto* laws.

The circuit court denied both of Johnson's claims. In interpreting Section 217.735.1, the court determined the legislature intended that the prior sex offender requirement apply only to the second set of crimes listed in the statute, that is, Sections 566.067 to 568.090. As Johnson's crime was contained in the first set of crimes to which the prior sex offender requirement did not apply, the court found he was subject to lifetime parole supervision. The court further found the application of the Board's reinterpretation of Section 217.735 did not violate the prohibition against *ex post facto* laws. Johnson appeals.

### STANDARD OF REVIEW

■ Preliminarily, we note that, in general, "the proper remedy to contest the

---

2. Johnson filed his petition with another inmate, Tommy Williams. Williams did not file a notice of appeal and, therefore, is not a party to the appeal.

3. In his petition, Johnson referred to Section 217.735 but repeatedly asked for a writ prohibiting the court from applying the lifetime supervision provisions contained in Section

559.106. Section 559.106 provides for lifetime parole supervision for sex offenders—under the same conditions as Section 217.735—who have been granted probation. Johnson has not been granted probation; hence, Section 217.735, rather than Section 559.106, applies.

denial of a writ is to request an extraordinary writ from a higher court and not a direct appeal." *State ex rel. Arnett v. Greer*, 921 S.W.2d 128, 129 (Mo.App.1996). When the denial is based on the merits of the writ petition or determines a question of law, however, an appeal is appropriate. *Id.* Because the circuit court denied Johnson's petition on its merits and addressed questions of law, his appeal is proper. *Id.*

We review the circuit court's denial of a writ of prohibition for an abuse of discretion. *State ex rel. SGI Hotels, L.L.C. v. City of Clayton*, 326 S.W.3d 484, 488 (Mo.App.2010). "[A]n abuse of discretion occurs where the circuit court fails to follow applicable statutes." *Id.* (internal quotation marks and citations omitted).

### ANALYSIS

In Point I, Johnson contends the circuit court erred in holding the Board properly interpreted Section 217.735's lifetime parole supervision provisions to apply to him. Specifically, he argues the Board's interpretation is contrary to the legislature's intent that the statute is to apply only to prior sex offenders.

"The primary rule of statutory interpretation is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *In re Boland*, 155 S.W.3d 65, 67 (Mo. banc 2005). If the statutory language is unambiguous, we must give effect to the language as it is written. *Denbow v. State*, 309 S.W.3d 831, 834 (Mo. App.2010). Section 217.735.1 states that lifetime parole supervision for offenders is required when:

> the offender has pleaded guilty to or been found guilty of an offense under section 566.030 [rape], 566.032 [statutory rape in the first degree], 566.060 [forc-

> ible sodomy], or 566.062 [statutory sodomy in the first degree], RSMo, based on an act committed on or after August 28, 2006, *or* the offender has pleaded guilty to or has been found guilty of an offense under section 566.067 [child molestation in the first degree], 566.083 [sexual misconduct involving a child], 566.100 [sexual abuse], 566.151 [enticement of a child], 566.212 [sexual trafficking of a child], 566.213 [sexual trafficking of a child under twelve], 568.020 [incest], 568.080 [child used in sexual performance], or 568.090 [promoting sexual performance by a child], RSMo, based on an act committed on or after August 28, 2006, against a victim who was less than fourteen years old and the offender is a prior sex offender as defined in subsection 2 of this section.

(Emphasis added.)

Looking at the statute's plain language, we note it contains two distinct clauses that are separated by the word "or." Use of the word "or" "ordinarily denotes an alternative to the preceding phrase." *Moore v. State*, 318 S.W.3d 726, 734 (Mo. App.2010). Clearly, it does so here, as each clause provides an alternative for when lifetime parole supervision applies to an offender who "has pleaded guilty to or been found guilty of" certain offenses. § 217.735.1. The differences between the two clauses are the offenses to which each clause applies and the requirements necessary to trigger lifetime parole supervision. An offender who pleads guilty to or is found guilty of a crime listed in the first clause, i.e., rape, statutory rape in the first degree, forcible sodomy, or statutory sodomy in the first degree, need only have committed the offense on or after August 28, 2006, to trigger lifetime parole supervision. *Id.* An offender who pleads guilty to or is found guilty of a crime listed in the second clause, i.e., child molestation in the first degree, sexual misconduct involving a

child, sexual abuse, enticement of a child, sexual trafficking of a child under eighteen, sexual trafficking of a child under twelve, incest, child used in sexual performance, or promoting sexual performance by a child, will trigger lifetime parole supervision if the offense is committed on or after August 28, 2006, the victim is less than fourteen years old, and the offender is a prior sex offender. *Id.*

Johnson argues the prior sex offender requirement in the second clause also applies to the first clause. Such an interpretation, however, is contrary to the "long recognized 'last antecedent rule,' which instructs that: 'relative and qualifying words, phrases, or clauses are to be applied to the words or phrase immediately preceding and are not to be construed as extending to or including others more remote.' " *Rothschild v. State Tax Comm'n,* 762 S.W.2d 35, 37 (Mo. banc 1988) (citation omitted). Applying the "last antecedent rule" here, the requirements that the victim be less than fourteen years old and the offender be a prior sex offender apply only to those offenses described in the second clause and not the more remote first clause. *See Moore,* 318 S.W.3d at 734, and *Denbow,* 309 S.W.3d at 834–35.

■ Moreover, to find that the prior sex offender requirement applies to the first clause would render parts of Section 217.735.1 redundant. In interpreting a statute, "we presume 'that the legislature intended for every word, clause, sentence, and provision of a statute to have effect.' " *Moore,* 318 S.W.3d at 734 (citation omitted). Indeed, we "presume the legislature did not intend to use superfluous, meaningless, and redundant language." *Id.* at 731. If the legislature had intended that the lifetime supervision requirements for offenses in the second clause be the same as for offenses in the first clause, then the legislature's use of the phrase "the offend-er has pleaded guilty to or been found guilty of an offense under sections …" in both clauses would be superfluous and redundant. Likewise, the legislature's stating in both clauses that the offense be "based on an act committed on or after August 28, 2006," would also be superfluous and redundant. The only way to give meaning to every word and phrase of Section 217.735.1 is to treat each clause as containing its own requirements. Therefore, the victim's age and the prior sex offender requirements apply only to the second clause and not the first clause.

■ Essentially, Johnson is asking us to interpret Section 217.735.1 in the same manner as the pre–2006 version, which required that the offender be a prior sex offender to trigger lifetime parole supervision for *all* of the crimes listed in the statute. When the legislature amends a statute, however, we presume the legislature intended " 'to effect some change in the existing law.' " *Hogan v. Bd. of Police Comm'rs,* 337 S.W.3d 124, 130 (Mo.App. 2011) (citation omitted). We " 'should never construe a statute in a manner which would moot the legislative changes, because the legislature is never presumed to have committed a useless act.' " *Id.* (citation omitted). Unlike the pre–2006 version, the 2006–amended statute separates the offenses into two sets and provides different requirements for each set to trigger lifetime parole supervision. § 217.735.1. To find that the requirements of the second clause apply to the first clause would effectively moot the changes made by the 2006 amendment.

Because Johnson pled guilty to statutory sodomy in the first degree based on an act he committed in March 2007, the plain language of Section 217.735.1 requires that he be subject to lifetime parole supervision. The circuit court did not err in

finding the Board properly interpreted the statute to apply to him. Point I is denied.

■ In Point II, Johnson contends the circuit court erred in denying his writ petition because the Board's application of Section 217.735's lifetime parole supervision provisions to him violates the constitutional prohibition against *ex post facto* laws. The United States and Missouri constitutions prohibit *ex post facto* laws. *Spencer v. State,* 334 S.W.3d 559, 572 (Mo. App.2010). "A constitutionally prohibited *ex post facto* law is one that 'provides for punishment for an act that was not punishable when it was committed or that imposes an additional punishment to that in effect at the time the act was committed.'" *R.W. v. Sanders,* 168 S.W.3d 65, 68 (Mo. banc 2005) (citation omitted). "The *ex post facto* prohibitions apply to the legislature, but may also be applied to 'an agency's duly-promulgated substantive regulations, as they have the force and effect of laws.'" *Davis v. Kempker,* 167 S.W.3d 721, 728 (Mo.App.2005) (quoting *Miller v. Mitchell,* 25 S.W.3d 658, 663 (Mo.App. 2000)).

■ Unlike rules and regulations, however, "an agency's policies or procedures do not constitute enacted laws." *Miller,* 25 S.W.3d at 663. Hence, if the law remains unchanged and no legislative rules or regulations are promulgated, "'a mere change in enforcement methods, priorities, or policies, written or unwritten—a change within the scope of the executive branch's discretion in enforcing the laws passed by [the legislature]—does not activate the prohibition against ex post facto laws.'" *Id.* (quoting *Prater v. U.S. Parole Comm'n,* 802 F.2d 948, 954 (7th Cir.1986)). When "'all that has changed is the vigor with which criminal laws are being enforced,' as opposed to the criminal laws themselves, the notice protection afforded by the *ex post facto* clauses is not im-

pinged." *Id.* (quoting *Prater,* 802 F.2d at 953).

In this case, the version of Section 217.735 requiring that Johnson be subject to lifetime parole supervision was in effect when he committed statutory sodomy in the first degree and has not been amended since that time. The change in the way the Board enforced Section 217.735 was not the result of any legislative action or agency rule or regulation. Rather, the Board modified its enforcement of Section 217.735 to effectuate the legislature's mandate—as evidenced in the plain language of the 2006 amendment—that an offender who pleads guilty to or is found guilty of rape, statutory rape in the first degree, forcible sodomy, or statutory sodomy in the first degree based upon an act committed on or after August 28, 2006, be subject to lifetime parole supervision. Accordingly, the Board's modification of its enforcement of Section 217.735 did not violate the constitutional prohibition against *ex post facto* laws. Point II is denied.

### CONCLUSION

We affirm the circuit court's judgment denying Johnson's petition for a writ of prohibition.

All Concur.