

# SUPREME COURT OF MISSOURI
## en banc

DONNIE WAYNE HOUNIHAN,      )       *Opinion issued October 15, 2019*
)
         Appellant,       )
)
v.                            )      No. SC97622
)
STATE OF MISSOURI,        )
)
         Respondent.      )

## APPEAL FROM THE CIRCUIT COURT OF PEMISCOT COUNTY
### The Honorable W. Keith Currie, Judge

Donnie Hounihan appeals the motion court's judgment overruling his Rule 29.15 motion for postconviction relief. Hounihan was convicted of driving while intoxicated under sections 577.010 and 577.023 and driving while revoked under section 302.321.[1] In his Rule 29.15 motion, Hounihan argued his trial counsel was ineffective for failing to call his physician to testify that medications he took for his illnesses made him appear intoxicated by alcohol on the night he was arrested. Because there is not a reasonable probability the trial court's finding would have been different had the physician testified

---

[1] All statutory references are to RSMo Supp. 2012 unless otherwise specified.

at Hounihan's trial, the motion court did not err in denying Hounihan's Rule 29.15 claim for postconviction relief relating to his driving while intoxicated conviction.

Hounihan further asserted his appellate counsel was ineffective for failing to argue there was insufficient evidence to enhance his driving while revoked misdemeanor to a felony pursuant to section 302.321.2 because the evidence did not establish (1) he was represented by counsel or filed a written waiver of counsel before his prior municipal court conviction and (2) whether he had served more than 10 days on either of the prior convictions for driving while revoked. Because appellate counsel's failure to raise the sufficiency of evidence claim constituted deficient performance by which Hounihan was prejudiced, the motion court erred in denying Hounihan's Rule 29.15 claim for postconviction relief for the driving while revoked conviction.

**Background**

Hounihan was charged with the class B felony of driving while intoxicated under sections 577.010 and 577.023 and the class D felony of driving while revoked under section 302.321. Evidence adduced at trial demonstrated that, in September 2014, a patrolman observed Hounihan driving a vehicle that crossed the center line at least three times. The patrolman stopped the vehicle and observed that Hounihan had cigarette ashes in his lap and smelled of alcohol. The patrolman asked for Hounihan's driver's license and insurance. Hounihan replied that he had neither and that he believed his driver's license was revoked. The patrolman then instructed Hounihan to step outside his vehicle and walk to the patrol vehicle. Hounihan swayed as he walked. Inside the patrol vehicle, the patrolman observed Hounihan's eyes were bloodshot, watery, and

2

glassy. Hounihan admitted he had consumed several beers and a pint of whiskey before driving.

The patrolman placed Hounihan under arrest and took him to a hospital for a blood sample, which showed a blood alcohol content level of 0.15. During questioning at the hospital, Hounihan again admitted he drank beer and whiskey within three hours of being stopped. He further stated he took hydrocodone, Klonopin, and other prescription drugs.

Hounihan testified regarding his many mental and physical illnesses, including chronic obstructive pulmonary disease, asthma, black mold poisoning, memory loss, and bulging spinal disks. He stated his medications had made his eyes watery and red on the day the patrolman stopped him.

The trial court found Hounihan guilty as charged and sentenced him to seven years' imprisonment for driving while intoxicated and four years' imprisonment for driving while revoked, to run concurrently. Hounihan's convictions were affirmed on direct appeal. In his amended Rule 29.15 motion for postconviction relief, Hounihan argued trial counsel was ineffective for failing to call his physician to testify that the medications he took for his illnesses made him appear intoxicated by alcohol on the night he was arrested. He further asserted appellate counsel was ineffective for failing to argue there was insufficient evidence to enhance his driving while revoked misdemeanor to a felony pursuant to section 302.321.2. Hounihan claimed the State failed to present evidence establishing (1) Hounihan was represented by counsel or filed a written waiver of counsel before a prior municipal court conviction and (2) he had served more than 10

3

days on either of the prior convictions for driving while revoked, as required under section 302.321.2, to enhance the misdemeanor to a felony.

At the evidentiary hearing, trial counsel testified she was aware prior to trial that Hounihan wanted his physician to testify. She stated she wrote a letter to Hounihan advising she would not ask his doctor to testify "[d]ue to the high amount of unpaid fees." She admitted she had not contacted the physician and, accordingly, was unware whether he charged a fee. Trial counsel further stated she did not believe the physician's testimony would have aided Hounihan's defense because there was substantial evidence of his intoxication. The physician testified Hounihan had a number of physical conditions affecting his balance and gait. He stated he did not charge a fee to testify and, if called at Hounihan's trial, he would have testified similarly.

In an affidavit, appellate counsel conceded he should have argued on direct appeal that there was insufficient evidence to convict Hounihan of the felony of driving while revoked under section 302.321. He stated that he failed to raise the claim "under a mistaken understanding of the quantum of proof necessary" for the trial court to enhance Hounihan's driving while revoked misdemeanor to a felony and that he had "no strategic or other legal reason" for failing to raise the issue.

The motion court overruled Hounihan's motion for post-conviction relief. Hounihan appeals.[2]

---

[2] After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

4

## Standard of Review

A motion court's judgment denying postconviction relief will be affirmed unless its findings and conclusions are clearly erroneous. Rule 29.15(k); *Meiners v. State*, 540 S.W.3d 832, 836 (Mo. banc 2018). Findings and conclusions are clearly erroneous only when "this Court is left with a definite and firm impression that a mistake has been made." *Mallow v. State*, 439 S.W.3d 764, 768 (Mo. banc 2014).

## Analysis

Hounihan raises two claims of ineffective assistance of counsel. First, he claims trial counsel was ineffective for failing to call his physician to testify that medications he took for his illnesses made him appear intoxicated by alcohol on the night of his arrest. Second, Hounihan asserts his appellate counsel was ineffective for failing to argue there was insufficient evidence to enhance his driving while revoked misdemeanor to a felony under section 302.321.2.

To obtain postconviction relief under Rule 29.15, the movant must satisfy the two-prong *Strickland* standard. *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A movant must first demonstrate that counsel's performance was deficient. *Id.* An attorney's performance is deficient when it fails to rise to the level of skill that would be exercised by a reasonably competent attorney under similar circumstances. *Id.* When alleging ineffective assistance of appellate counsel, the error on appeal must have been "so obvious that a competent and effective lawyer would have recognized and asserted it." *Id.* at 617 (quoting *Williams v. State*, 168 S.W.3d 433, 444 (Mo. banc 2005)).

A movant must also prove that counsel's deficient performance prejudiced his defense. *Id.* at 601. Prejudice transpires when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Deck v. State*, 68 S.W.3d 418, 429 (Mo. banc 2002)). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Tisius v. State*, 519 S.W.3d 413, 420 (Mo. banc 2017).

### I. Driving While Intoxicated Conviction

Hounihan argues trial counsel was ineffective for failing to call his physician to testify. According to Hounihan, had the trial court heard the physician's testimony regarding Hounihan's various diagnoses and the side effects of his medications, there is a reasonable probability the trial court would not have found him guilty of driving while intoxicated. The motion court denied this claim, finding Hounihan was not prejudiced by trial counsel's failure to contact the physician or to call him as a witness.

At the evidentiary hearing, the physician testified that Hounihan had a number of medical conditions that affected his ability to walk and that he prescribed Hounihan multiple medications to treat those conditions. He stated he would have testified similarly had he been called as a witness at Hounihan's trial.

To prove the failure to call a witness prejudiced the movant, it must be shown that "the witness's testimony would have produced a viable defense." *Johnson v. State*, 388 S.W.3d 159, 166 (Mo. banc 2012). Hounihan twice admitted to the patrolman that he consumed alcohol prior to driving – once after being stopped by the patrolman and again in the hospital while being interrogated. In particular, Hounihan stated, shortly after

6

being stopped by the patrolman, he had consumed a pint of whiskey and several beers before driving. Hounihan's blood alcohol content level was 0.15, and the patrolman testified Hounihan smelled of alcohol and had watery and glassy eyes. Further, at the evidentiary hearing, the physician admitted on cross-examination that none of the medications he prescribed Hounihan had a side effect of causing a smell of alcohol. The motion court determined there was considerable evidence of Hounihan's guilt that would not have been refuted by the physician's testimony.

The motion court did not clearly err in finding the physician's testimony would not have produced a viable defense for Hounihan's driving while intoxicated conviction. Because there is not a reasonable probability that the outcome of the trial would have been different had Hounihan's physician testified, the motion court did not err in overruling Hounihan's Rule 29.15 motion for postconviction relief for his driving while intoxicated conviction.[3]

## II. Driving While Revoked Conviction

Hounihan argues appellate counsel was ineffective for failing to argue there was insufficient evidence to enhance his driving while revoked conviction from a misdemeanor to a class D felony pursuant to section 302.321.2. The motion court denied the claim, finding appellate counsel's error was not so obvious from the record that a competent lawyer would have recognized and asserted it.

---

[3] A movant must satisfy both prongs of the *Strickland* standard to obtain postconviction relief as a result of ineffective assistance of counsel. *Anderson*, 564 S.W.3d at 600. Because the prejudice prong is not satisfied here, this Court need not evaluate counsel's performance. *State v. Taylor*, 929 S.W.2d 209, 224-25 (Mo. banc 1996).

7

A person convicted of driving while revoked is guilty of a misdemeanor pursuant to section 302.321.2. That misdemeanor is enhanced to a class D felony when:

> [A]ny person with a prior alcohol-related enforcement contact as defined in section 302.525, convicted a third or subsequent time of driving while revoked or a county or municipal ordinance of driving while suspended or revoked where the defendant was represented by or waived the right to an attorney in writing, and where the prior two driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense and where the person received and served a sentence of ten days or more on such previous offenses . . . .

Section 302.321.2. Accordingly, to enhance a driving while revoked misdemeanor to a class D felony, the State must prove beyond a reasonable doubt that the defendant (1) had a prior alcohol-related enforcement contact pursuant to section 302.525, (2) had at least two prior driving while revoked convictions within the past 10 years of the date of the occurrence of the offense at issue, (3) was represented by or waived the right to an attorney in writing for prior county or municipal driving while revoked convictions, and (4) received and served a sentence of 10 days or more on the previous offenses. *Id.*; *see also Moore v. State*, 318 S.W.3d 726, 734 (Mo. App. 2010) (interpreting section 302.321.2 to require the State to prove the defendant was represented by or waived the right to an attorney for violations of county or municipal ordinances and not for other driving while revoked offenses).

To enhance Hounihan's driving while revoked misdemeanor to a class D felony, the State alleged in its amended information:

> On or about February 4, 2013, the defendant was convicted of driving while revoked in the Circuit Court of Pemiscot County for events occurring January 4, 2013, and

8

On or about January 13, 2005, defendant was convicted of driving while revoked in Hayti Municipal Court and defendant was represented by an attorney or waived counsel in writing, for events occurring on December 29, 2004, and

On or about December 7, 2010, defendant was convicted of driving while intoxicated in the circuit Court of Pemiscot County [], for events that occurred May 21, 2010, and served a sentence of more than ten days for said conviction.

At trial, the State offered a copy of Hounihan's Missouri driver's record. That document listed offenses corresponding to those the State pleaded in its amended information. The document established Hounihan had a prior alcohol-related enforcement contact and at least two prior driving while revoked convictions within 10 years of his most recent offense. Importantly, though, the document did not contain any evidence regarding whether Hounihan had counsel or filed a written waiver of counsel before his municipal court conviction nor did it specify whether he had served more than 10 days for either of the prior driving while revoked convictions.

Despite the State failing to present sufficient evidence under section 302.321.2 to support enhancement of the misdemeanor to a felony, the trial court convicted Hounihan of the class D felony of driving while revoked, and appellate counsel did not raise a sufficiency of evidence claim on appeal. Hounihan argues appellate counsel's failure to raise the sufficiency of evidence claim was an error so obvious that competent counsel would have recognized and asserted the claim. He further asserts that if the claim had been raised, it would have changed the appeal's outcome.

The motion court found appellate counsel did not recognize the sufficiency of evidence claim but implied appellate counsel's failure to raise the claim was reasonable

9

because the issue was overlooked by the trial court, the prosecuting attorney, and trial counsel. But appellate counsel's failure to recognize and raise this issue on appeal is not reasonable merely because the issue was overlooked by others at trial. "[F]ailure to raise a claim that has significant merit raises an inference that counsel performed beneath professional standards." *State v. Sumlin*, 820 S.W.2d 487, 490 (Mo. banc 1991). Under these circumstances, a reasonably competent attorney should have reviewed both the relevant law and the record and recognized this meritorious claim. Indeed, this claim is ascertainable after review of one statute – the statute that defines the crime of driving while revoked – and one exhibit – the sole evidence concerning Hounihan's prior driving while revoked convictions.

The State argues it was reasonable for appellate counsel not to raise the sufficiency of evidence claim to better focus on the issues he chose to raise. But reasonable counsel would not have chosen to forgo the meritorious sufficiency of evidence claim to focus on other claims. Appellate counsel's brief was only 37 pages long, containing 7,534 words – well below the 31,000 word maximum pursuant to Rule 84.06. Accordingly, appellate counsel's failure to raise the sufficiency of evidence claim constituted deficient performance.

To warrant relief, Hounihan must have been prejudiced by appellate counsel's failure to bring the sufficiency of evidence claim. Pursuant to the due process clause, the State is required to prove every element of a criminal offense beyond a reasonable doubt. *State v. Seeler*, 316 S.W.3d 920, 925 (Mo. banc 2010). Failure to do so requires reversal of the judgment. *State v. Stover*, 388 S.W.3d 138, 155 (Mo. banc 2012). It is not

10

disputed that the State failed to present sufficient evidence to enhance the misdemeanor to a class D felony. Had appellate counsel raised the sufficiency of evidence claim, the driving while revoked conviction likely would have been vacated, and the case would have been remanded for resentencing. Because there is a reasonable probability that the outcome on appeal would have been different, Hounihan was prejudiced by appellate counsel's failure to bring the sufficiency of evidence claim. The motion court erred in overruling Hounihan's Rule 29.15 motion for postconviction relief for the driving while revoked conviction.

## Conclusion

Because there was not a reasonable probability the trial court's finding would have been different had Hounihan's physician testified, the motion court did not err in overruling Hounihan's Rule 29.15 motion for postconviction relief for the driving while intoxicated conviction. Appellate counsel's failure to raise the sufficiency of evidence claim constituted deficient performance that prejudiced Hounihan. As a result, the motion court erred in overruling Hounihan's Rule 29.15 motion for postconviction relief on his driving while revoked conviction. The motion court's judgment is reversed to the extent it overruled Hounihan's motion for postconviction relief on his driving while revoked conviction, and the case is remanded for resentencing as a misdemeanor on that charge. In all other aspects, the judgment is affirmed.

_____
Mary R. Russell, Judge

All concur.