Sandy **ROTHSCHILD**, et al.,
Respondents,

v.

**STATE TAX COMMISSION OF
MISSOURI**, et al., Appellants.

No. 70411.

Supreme Court of Missouri,
En Banc.

Dec. 13, 1988.

Rehearing Denied Jan. 17, 1989.

Thomas R. Schwarz, Jr., Counsel State Tax Com'n of Missouri, Richard Wieler, Asst. Atty. Gen., Jefferson City, for appellants.

James C. Owen, Thomas W. McCarthy, III, Chesterfield, for respondents.

RENDLEN, Judge.

Respondents sought declaratory judgment to determine whether a 1986 State Tax Commission Advisory Order instructing county assessors to consolidate commonly owned dwelling units on contiguous properties in classifying real property as "commercial" or "residential" for purposes of tax assessment is a valid construction of § 137.016.1(1), RSMo 1986.[1]  The circuit

1. Under § 137.115.5, "residential" property is assessed at 19% of its true value, "agricultural and horticultural" property at 12%, and "utility, in-

court held that § 137.016.1(1) "shall be interpreted so that 'a structure ... which contains not more than four dwelling units', regardless of the ownership or location of the property, is 'residential' property." The Tax Commission appeals, asserting that the statute should be construed to subclassify as "commercial" any real property owned by a taxpayer which is contiguous, in the same lot, block, or section, and which contains more than four dwelling units, without regard to the number of structures. This cause, involving construction of revenue laws, falls within our original appellate jurisdiction. Mo. Const. art. V, § 3. We affirm.

Respondents are owners of real property in St. Louis County and the City of St. Louis affected by the Tax Commission's interpretation of § 137.016. Respondent Orchard Park Associates owns eleven separate buildings each containing four dwelling units located on the same parcel in St. Louis County which have been assessed as "commercial" property, while respondents Carl and Marie Sobery own 54 buildings containing four dwelling units, 29 of which are located on contiguous lots and which also have been assessed as "commercial" property. The parties stipulated to facts concerning certain real property owned by non-parties, some assessed "residential" and some assessed "commercial" because of the challenged Advisory Order.

The Tax Commission's Advisory Order, issued in 1986, states:

1. For assessment purposes a parcel is any portion of land individually described and listed in the County's assessment records. All contiguous land owned by the same legal entity *and of a single use*[2] is to be mapped as one parcel. If a parcel crosses a section line then each portion of land in different sections may be regarded as separate parcels and be assigned separate parcel numbers.

2. For purposes of determining whether a parcel is residential or commercial, *the total number of dwelling units on a parcel is to be the controlling factor, not the number of dwelling units within each individual building.* Thus, parcels with multiple duplexes, triplexes or quadruplexes that total five or more dwelling units are to be considered as commercial.

(Emphasis added.)

Section 137.016, which was enacted in 1983 to define the subclasses of real property created by the 1982 amendment of article X, § 4(b) of the Missouri Constitution[3], provides in pertinent part:

1. As used in section 4(b) of article X of the Missouri Constitution, the following terms mean:

(1) "Residential property", all real property improved by *a structure* which is used or intended to be used for residential living by human occupants and *which contains not more than four dwelling units* or which contains single dwelling units owned as a condominium

---

dustrial, commercial, and railroad" property at 32%.

2. It might be questioned whether the Tax Commission's Advisory Order, if allowed to stand, would permit consolidation of residential property with other residential property upon concluding they are "of a single use," and subsequent reclassification of the residential property so consolidated as commercial. Such a result, if permitted, would be anomalous and quite inconsistent with the spirit and language of § 137.016, as discussed *infra*.

3. Article X, § 4(a), as amended in 1982 provides in part that:
[a]ll taxable property shall be classified for tax purposes as follows: class 1, real property; class 2, tangible personal property; class 3,

intangible personal property. The general assembly, by general law, may provide for further classification within classes 2 and 3, based solely on the nature and characteristics of the property, and not on the nature, residence or business of the owner, or the amount owned....
Section 4(b) specifies that real property (class 1) "shall be subclassed in the following classifications:
(1) Residential property;
(2) Agricultural and horticultural property;
(3) Utility, industrial, commercial, railroad, and all other property not included in subclasses (1) and (2) of class 1.
*Property in the subclasses of class 1 may be defined by law,* however subclasses (1), (2), and (3) shall not be further divided...." (Emphasis added.)

or in a cooperative housing association.... 

(Emphasis ours.)

■ When examining § 137.016 to determine whether the Advisory Order comports with its purpose and terms, we bear in mind that the primary objective of statutory construction is to ascertain the intent of the legislature from the language used and to give effect to that intent if possible. In so doing we consider the words employed in the statute in their plain and ordinary meaning, *Citizens Bank & Trust v. Director of Revenue*, 639 S.W.2d 833, 835 (Mo.1982), we presume the legislature did not intend an absurd law, and we favor a construction that avoids unjust or unreasonable results. *State ex rel. McNary v. Hais*, 670 S.W.2d 494, 495, (Mo. banc 1984). This Court considered the constitutionality of § 137.016 in *Associated Industries of Missouri v. State Tax Commission*, 722 S.W.2d 916 (Mo. banc 1987), and in rejecting the argument that the "rule of four" lacks a rational basis stated:

> Rental housing has both residential and commercial aspects. The legislature might appropriately conclude that the commercial aspect predominates for buildings containing numerous units, whereas those containing only a few units have a predominantly residential character. It might conclude that the selection of a definite figure, such as four, offered the most effective means of classifying rental property into residential and commercial categories.

*Id.* at 918. As is evident from the plain language of the statute and this Court's discussion in *Associated Industries* of the legislative purpose animating its enactment, the focus of the statutory classification is on the individual *structure*, not the identity of the owner or the number of dwelling units per parcel. Thus, real property improved by structures, none of which contain more than four dwelling units, is classified as "residential" under the statutory scheme, regardless of the number of structures on the property, its location, or the identity of the owner. The circuit court's judgment reflects the legislative intent and is correct. Such interpretation avoids the unjust and arbitrary classification scheme resulting from the Tax Commission's order and demonstrated by a comparison of the classifications of the various parties and non-parties contained in the record.

■ Further support for considering the number of dwelling units per structure rather than the number of dwelling units on the assessed property as the determinative factor under the statutory scheme is found in the long recognized "last antecedent rule," which instructs that: "relative and qualifying words, phrases, or clauses are to be applied to the words or phrase immediately preceding and are not to be construed as extending to or including others more remote." *Citizens Bank & Trust*, 639 S.W.2d at 835. Applying that principle here, we find that in § 137.016 the phrase "which contains not more than four dwelling units ..." modifies the term "structure" rather than the more remote phrase "all real property."

■ The principal argument advanced by the Tax Commission in support of its Advisory Order is that § 137.016 is in pari materia with § 137.215.1, RSMo 1986, a statute first enacted in 1872 and last amended in 1945. We do not believe that § 137.215.1 can be considered in pari materia with § 137.016 in the manner urged by the commission. Section 137.215.1 requires that "[t]he assessor shall consolidate all lands owned by one person in a section, and all town lots owned by one person in a square or block, into one tract, lot or call, *when it is practicable....*" The City of St. Louis is specifically excluded from the directive of § 137.215.1. Statutes are in pari materia when they are upon the same matter or subject, and the rule of construction in such instances proceeds upon the supposition that the statutes in question were intended to be consistent and harmonious in their several parts and provisions. *State ex rel. Cairo Bridge Commission v. Mitchell*, 352 Mo. 1136, 181 S.W.2d 496 (1944). The rule is particularly applicable when the two acts are passed at the same legislative session. *State ex rel. Karbe v.*

*Bader*, 336 Mo. 259, 78 S.W.2d 835 (1934). Here, § 137.215.1 was passed more than one hundred years before § 137.016 was enacted, and it was last amended in 1945, well before the constitution was amended to permit subclassification of real property for purposes of taxation. Further, § 137.215.1 was intended to prevent county collectors from dividing lots into smaller parcels and thereby increasing their fees, because collectors were then paid on a per parcel basis. *See State v. Gomer*, 340 Mo. 107, 101 S.W.2d 57, 64 (1936). The City of St. Louis was excluded from the terms of the consolidation statute because its assessors were paid a salary and were not subject to "per parcel" payments. We observe also that violation of § 137.215.1 results in deduction from the assessor's account of ten cents for each lot not consolidated. Thus, while § 137.215.1 is concerned with consolidation and its effect on compensation of assessors, § 137.016 addresses the entirely distinct issue of defining subclasses of real property. Finally, we do not find § 137.215.1 inconsistent with our interpretation of § 137.016. Our holding simply means that the Tax Commission, by ordering residential property owned by a taxpayer consolidated with contiguous residential or commercial real estate owned by the same taxpayer, cannot thwart the clearly expressed intention of the legislature that property containing structures with no more than four dwelling units be classified residential.

The judgment of the circuit court is affirmed.

BILLINGS, C.J., BLACKMAR, WELLIVER, ROBERTSON and HIGGINS, JJ., and REINHARD, Special Judge, concur.

DONNELLY, J., not sitting.