INTERCONTINENTAL INVESTMENTS CO., INC., Appellant,

v.

Shirley J. QUICK, et al., Respondent.

No. WD 40073.

Missouri Court of Appeals,
Western District.

March 14, 1989.

Joseph Y. Decuyper, Kansas City, for appellant.

Leary G. Skinner, Clay County Counselor, Patricia L. Hughes, Asst. County Counselor, Liberty, for respondent.

Before CLARK, P.J., and LOWENSTEIN and FENNER, JJ.

LOWENSTEIN, Judge.

This appeal involves two suits arising out of a Missouri Tax Commission construction of § 137.016.1(1), RSMo 1986. Subpart (1) creates a sub class for taxation purposes of "residential property," which, as relevant here, contains a structure for dwelling purposes which contains not more than four dwelling units. Section 137.115 allows an assessment rate of 19% of value on "residential" property or alternatively at 32% if the property is classified as "commercial." Intercontinental sought to overturn Clay County assessor Quick's classification that a row of duplexes and four-plexes owned by Intercontinental was "commercial" as opposed to "residential." Intercontinental filed suit against the Clay County officials asking for an injunction and damages which was dismissed for failure to state a claim. The other action involved an appeal under § 536.100 from the tax commission's decision to tax as commercial all properties where a single ownership controlled contig-

uous parcels of multiple dwelling units per parcel. The tax commission had issued an advisory order instructing county assessors to consolidate commonly owned dwelling units on contiguous parcels into one parcel which would contain more than four units and would then carry the commercial classification.

The present case was transferred to the supreme court, which had pending *Rothschild v. State Tax Com'n of Missouri,* 762 S.W.2d 35 (Mo. banc). That case was decided on December 13, 1988. After *Rothschild* the case was transferred to this court. In *Rothschild,* a unanimous court struck down the tax classification of "commercial" based on ownership of contiguous real estate owned by the same taxpayer, and declared at page 7 of the slip opinion, the legislative intent was to tax property containing no more than four dwelling units be taxed at the residential rate.

*Rothschild* controls here and mandates a reversal of the trial court's judgment affirming the tax commission's decision, and a remand to enter judgment in favor of Intercontinental in original case No. CV186–3998CC. Intercontinental has withdrawn the appeal of the dismissal of its claim for damages and injunctive relief in the case failed under No. CV185–3258CC.

The appeal as to the portion of the judgment as was contained in CV185–3258CC is dismissed. The judgment as to CV186–3998CC is reversed and remanded to enter judgment in favor of Intercontinental by declaring its property be considered and taxed as "residential property."