The CITY OF JEFFERSON
MUNICIPAL LIBRARY
DISTRICT, Appellant,

v.

COLE COUNTY LIBRARY DISTRICT,
Respondent,

and

Bill Deeken, Cole County
Clerk, Respondent,

St. Louis County Library District,
Amicus Curiae.

No. WD 45134.

Missouri Court of Appeals,
Western District.

May 26, 1992.

Duane E. Schreimann, Gerald Roark, Jefferson City, for appellant.

Thomas D. Graham, Christopher Graham, Jefferson City, for Cole County Library Dist.

Richard G. Callahan, Pros. Atty., Cole County, Jefferson City, for Bill Deeken, Cole County Clerk.

Albert A. Michenfelder, Jr., Clayton, for St. Louis County Library Dist., (Amicus Curiae Brief in Support of Cole County Library Dist.).

Before BRECKENRIDGE, P.J., and SHANGLER and HANNA, JJ.

SHANGLER, Judge.

This appeal comes to us from a declaratory judgment by the Circuit Court of Cole County that construes § 182.480, RSMo 1986. It determined § 182.480 to mean that a county library district is entitled to levy and collect the county library tax on all land within the county library district, including the land annexed after October 13, 1965, by a city with a library district, even though the county owns no library building. Accordingly, the circuit court adjudged that the defendant Cole County Library District retained the authority to levy and collect the county library tax on all Cole County land within the Cole County Library District. This included all county land annexed by Jefferson City after October 13, 1965. It also determined that the annexed land was not subject to the tax levy of the plaintiff Jefferson City Library District. The plaintiff appeals from that judgment.

The issue for declaratory judgment was presented by the petition of the plaintiff City of Jefferson Municipal Library District and the pleadings of the defendants Cole County Library District and the Clerk of Cole County. The suit was prompted by an intimation that the defendant Clerk of

Cole County, whose statutory duties include computing and extending the library taxes assessed by the plaintiff and defendant library districts, was poised to redraw the boundary lines between the library districts. In extending the library taxes, the defendant Clerk of Cole County determines whether taxable real property is located within the boundary of the Jefferson City Library District or that of the Cole County Library District. In the process, the Clerk of Cole County applies the tax rate of one of the two library districts to all taxable real property in Cole County, and so implicitly determines whether real property is located within the boundary of the Jefferson City Library District or the Cole County Library District.[1]

Section 182.480, RSMo 1986,[2] provides in part:

> ... [A]fter October 13, 1965, any annexation by a city having within its boundaries a municipal library district shall not extend the boundaries of the municipal library district, and any annexed areas shall remain in the county library district, and the taxable property in any such annexed areas shall only be subject to taxation by the county library district and shall not be subject to taxation by the municipal library district; except, that in any county *not having a county library* any such annexation shall likewise extend the boundaries of any existing municipal library district. [emphasis added].

There is no disagreement that the statutory text antecedent to the *except* clause prohibits a municipal library district from encroaching upon the tax base of a county library district when the municipality annexes territory in a county library district.

The issue here is whether the *except* clause applies where the county library district does not own a library building. The Cole County Library District does not own nor is there in existence a Cole County library building.

The appellant Jefferson City Library District contends that the plain meaning of the exception in § 182.480 *any county not having a library* is *any county not having a library building*. The appellant derives that interpolation from the premise that, in common parlance, a library is a room or building used as a repository for books. This is the gist of the definition *1a* that Webster's Third New International Dictionary, Unabridged, renders for *library*.[3] The appellant concludes that, since the Cole County Library District does not own a library building, under the *except* clause of § 182.480, the boundary of the Jefferson City Library District extends into the areas of Cole County annexed by Jefferson City after October 13, 1965 and are subject to its levy.

The definition that the appellant appropriates, however, is only one among seven meanings the dictionary attributes to the word *library*. The system of separate numbers and letters, the wordbook explains, is only a lexical convenience. It "reflects something of the semantic relationship between various senses of a word, [but] does not evaluate senses or establish an enduring hierarchy of importance among them." Webster's Third New International Dictionary, 19a, Explanatory Note 12.4 (1961). "The best sense is the one that most aptly fits the context of an actual, genuine utterance." *Id.* Sense *1b* (1) of *library*, immediately next in sequence, is rendered as the collection of books itself.[4]

---

1. The proof was submitted to the trial court by a Stipulation of Facts. Those facts ground the trial court judgment and this review as well.

2. The full text of § 182.480 is rendered in Appendix A.

3. "*1 a:* a room, a section or series of sections of a building, or a building itself given over to books, manuscripts, musical scores, or other literary and sometimes artistic materials (as paintings or musical recordings) usu. kept in some convenient order for use but not for sale

§the house contained a = besides the living, dining, and kitchen areas> §a college = > — see PUBLIC LIBRARY"

4. "*1 b(1):* a collection of books, manuscripts, or other literary materials kept (as in library) for study or reading or a collection of paintings, musical scores, musical recordings, photographs, maps, or films kept for convenient use, study or enjoyment §a = of early American travel books> §a = of Bach recordings> §a private = of manuscript plays>"

It does not follow as a matter of plain meaning, therefore, that the sense intended by the legislature for *library* was a library building rather than a collection of books and other literary materials. The meaning intended for the term, rather, is to be derived not only from § 182.480, but integrally from other statutes related to the subject of county library districts, and so *in pari materia. Rothschild v. State Tax Comm'n*, 762 S.W.2d 35, 37 [3, 4] (Mo. banc 1988).

The declaratory judgment entered by the Circuit Court of Cole County rests not only upon § 182.480, but also § 182.120, with which it is *in pari materia.* Section 182.-120 provides:

> The services of a free county library may be direct loan of books and other materials, through branches, stations, or mobile units; but in all cases service shall be available to all residents of the county library district.

The judgment rests also upon the stipulated fact of a contract of cooperative agreement between the Cole County Library District and the Jefferson City Library District, and joined by the Osage County Library District, Miller County Library District, and the Maries County Library District, concluded under the auspices of §§ 182.080 and 182.200.6, RSMo 1986. The purpose of that contract of cooperative agreement, consonant with the statutory objectives, was to establish and jointly operate a "common library service" for the benefit of the residents of the respective signatory districts. Under the terms of agreement, the member districts join their funds and maintain the Thomas Jefferson Library System, which is housed in the library building owned by the Jefferson City Library District. All personal property acquired by the principals, such as books and bookmobiles, is jointly owned by the member districts. In addition to the use of the facilities in Jefferson City, the residents of Cole County are also served by bookmobile service supplied by the system.

The judgment of the circuit court quite correctly rejected the argument of the appellant Jefferson City Library District that the term, "not having a *county library,*" in the *except* clause of § 182.480, means a county library *building* and not a county library *district.* It means neither. In the context of the *except* clause of § 182.480, and § 182.120 and § 182.080, with which it is *in pari materia, county library* means county library *services.* The services *may* include a building, "if such funds are available above those necessary for formal operations." § 182.070, RSMo 1986. *See also* §§ 182.105.1, 182.100.1, 182.100.3, RSMo 1986.

We agree also with the judgment of the circuit court that neither § 182.480 nor any other statute requires a county library district to own a library building. The reading the Jefferson City Library District gives to these statutes encumbers the declared public policy in Mo. Const. art. IX, § 10 "to promote the establishment and development of free public libraries." It also slights that compelling public policy that shapes § 182.480, and those statutes *in pari materia,* with the same purpose as their constitutional source in favor of a system of free public libraries for all residents of cities and counties.[5] *Buechner v. Bond,* 650 S.W.2d 611, 612[1–4] (Mo. banc 1983); 2A *Sutherland Stat Const* § 56.04 (5th ed. 1992).

The judgment is affirmed.

All Concur.

## APPENDIX A

### Section 182.480, RSMo (1986)

**182.480. Municipal library districts created in cities—property subject to taxation.**—As of October 13, 1965, and any other provisions of law to the contrary notwithstanding, all of the area or territory included within the geographical boundaries of a city, including any area or terri-

---

**5.** It is indeed an oddity that the Jefferson City Library District, itself a signatory since 1966 to the contract of cooperative agreement with the county library districts to establish and operate a common library service for the benefit of all the residents of the districts, only now contends that the Cole County Library District has not been providing a county library for its residents.

**4**

tory which becomes a part of any city pursuant to any annexation pending on October 13, 1965, which maintains a free public library supported at least in part by taxation, shall be a "municipal library district" and shall have as its purpose the furnishing of free public library services to residents of the district, and the district shall be known as "The city of ........... Municipal Library District", and each such district shall be a political subdivision of the state of Missouri and a body corporate with all the powers and rights of like or similar corporations, and as of the effective date of sections 182.130 and 182.480 to 182.510, all of the area or territory which is hereby included within a municipal library district shall be excluded from the boundaries of any existing county library district, and all of the taxable property located in the municipal library district shall only be subject to taxation by the municipal library district and shall hereafter not be subject to taxation by the county library district; provided, however, that after October 13, 1965, any annexation by a city having within its boundaries a municipal library district shall not extend the boundaries of the municipal library district, and any annexed areas shall remain in the county library district, and the taxable property in any such annexed areas shall only be subject to taxation by the county library district and shall not be subject to taxation by the municipal library district; except, that in any county not having a county library any such annexation shall likewise extend the boundaries of any existing municipal library district.