ALPHA ONE PROPERTIES, INC., et al., Appellants,

v.

STATE TAX COMMISSION OF MISSOURI, et al., Respondents.

No. 76768.

Supreme Court of Missouri, En Banc.

Nov. 22, 1994.

James C. Owen, Thomas W. McCarthy, III, Chesterfield, David J. Newburger, St. Louis, for appellants.

W.B. Tichenor, R. Randall Turley, Jefferson City, John A. Ross, County Counselor, Edward W. Corrigan, Asst. County Counselor, St. Louis County, Clayton, for respondents.

Shulamith Simon, St. Louis, for amicus curiae Home Builders Ass'n of Greater St. Louis.

Michael Waxenberg, St. Louis, for amicus curiae St. Louis Apartment Ass'n.

James Rittenbaum, St. Louis, for amicus curiae Gershman Inv. Corp. and Cent. West End Bank.

Thomas E. Tueth, Thomas F. Schlafly, Celynda L. Brasher, St. Louis, for amicus curiae Parkway School Dist. and Rockwood School Dist.

Rebecca C. Steward, Eugene J. Hanses, Jr., St. Louis, for amicus curiae Dennis Hill, Assessor for City of St. Louis.

Stephen A. Martin, Stephanie Karr Gastmann, Harold A. Ellis, St. Charles, for amicus curiae St. Charles County.

COVINGTON, Chief Justice.

Kenneth D. Morton, assessor for the County of Saint Louis, assessed certain property owned by taxpayers Alpha One Properties, Inc., and Richard Fine as commercial rather than residential property. The taxpayers appealed the assessments to the State Tax Commission, where the appeals were consolidated. The State Tax Commission ruled that the property was properly classified as commercial. The circuit court affirmed the commission. This appeal followed. Reversed.

The facts are not in dispute. Alpha One is and was at all relevant times the owner of real property improved by seven buildings, each containing twenty-four apartments. On December 31, 1987, Alpha One filed a condominium declaration dividing the property into fifty-six condominium units, each consisting of three apartments. Alpha One owns all of the condominium units and operates the property in a manner typical of income-generating apartments.

Fine is and was at all relevant times the owner of realty improved by five sixteen-unit apartment buildings. On December 31, 1987, Fine filed a condominium declaration which divided the complex into twenty-five condominium units. Each building is divided into five condominium units. In each building, four condominium units contain three apartments, and one condominium unit contains four apartments. Fine owns all of the condominium units and operates the property in a manner typical of an income-generating apartment complex.

The issue before this Court is whether the property owned by the taxpayers is "residential property" as defined in § 137.016.1(1).[1] If so, the taxpayers are entitled to have the subject parcels assessed at nineteen percent of their true value, rather than at the commercial assessment rate of thirty-two percent. § 137.115.5.

For purposes of tax assessment, § 137.016.1, defines the pertinent terms:

(1) **"Residential property"**, all real property improved by a structure which is used or intended to be used for residential living by human occupants and which contains not more than four dwelling units or which contains single dwelling units owned as a condominium or in a cooperative housing association....;

(2) **"Agricultural and horticultural property"** ...;

(3) **"Utility, industrial, commercial, and railroad property"**, all real property of every kind used directly or indirectly, or held for use, for any commercial, mining, industrial, manufacturing, trade, professional, business, or similar purpose.... [A]ll other real property not included in the property listed in subclasses (1) and (2) ... shall be deemed to be included in the term "utility, industrial, commercial and railroad property".

To ascertain the intent of the legislature, this Court considers the words employed in § 137.016.1 in their plain and ordinary meaning. *Rothschild v. State Tax Comm'n,* 762 S.W.2d 35, 37 (Mo. banc 1988). Residential property, for purposes of the issue in this case, is "all real property improved by a structure which is used or intended to be

1. All statutory citations are to RSMo 1986.

used for residential living by human occupants and ... which contains single dwelling units owned as a condominium...." § 137.016.1(1). The wording is clear and unambiguous: a structure containing single dwelling units owned as a condominium and used or intended to be used for residential living by human occupants is to be classified and taxed as residential property. Section 137.016.1(1) plainly and specifically includes "single dwelling units owned as a condominium." The plain and ordinary meaning of "condominium" includes "joint dominion or sovereignty," "individual ownership of a unit in a multi-unit structure (as an apartment building)," "a unit so owned," and "a building containing condominiums." Webster's Third New Int'l Dictionary 473 (1966). One meaning of condominium advanced by the commission is "[a] system of separate ownership of individual units in a multiple-unit building." See 15A C.J.S. Condominium (1967). These meanings are consistent with the statutory definition of a condominium as real estate, portions of which are designated for separate ownership and the remainder of which is designated for common ownership solely by the unit owners. § 448.1–103(7).

It is undisputed that each of the apartments in the subject buildings is part of a condominium unit and that all of the buildings are held in the condominium form of ownership. Under the plain language of the statute, the properties at issue contain "single dwelling units owned as a condominium." They are used or intended to be used for residential living by human occupants. They are, therefore, residential property as defined in § 137.016.1(1).

Respondents make a series of well reasoned arguments that condominiums that operate in the manner of apartment complexes, with all of the individual apartments held for lease or rent by a single owner, cannot claim residential status under § 137.016.1(1). The problem with respondents' position is that § 137.016.1(1) does not so provide, and no such limitation on the term "condominium" can reasonably be inferred from the terms of the statute. Furthermore, the Uniform Condominium Act, enacted during the same legislative session as § 137.016, plainly contem-

plates that one entity may own all of the units in a property owned as a condominium. See § 448.1–105(4) ("If there is no unit owner other than a declarant, the real estate comprising the condominium may be taxed and assessed in any manner provided by law."). It is proper to consider acts passed at the same time as the statute in question in ascertaining the legislature's purpose. State ex rel. Kemp v. Hodge, 629 S.W.2d 353, 356 (Mo. banc 1982). Respondents' arguments must fail.

Respondents also contend that it would be unreasonable to allow taxpayers to avoid having apartment buildings assessed at the commercial rate merely by filing condominium declarations pursuant to § 448.2–101.1. While the argument is not without merit, this Court must presume that the legislature did not intend to pass an absurd law. Rothschild, 762 S.W.2d at 37. This Court has previously held, for example, that the legislature's decision to characterize buildings with four or fewer apartments as residential while characterizing those with five or more apartments as commercial was founded on a rational basis. Associated Indus. v. State Tax Comm'n, 722 S.W.2d 916, 918 (Mo. banc 1987). "The legislature might appropriately conclude that the commercial aspect predominates for buildings containing numerous units, whereas those containing only a few units have a predominantly residential character." Id. The possibility that "clever apartment developers" such as the taxpayers in the present case may obtain residential classification of their property by dividing complexes into condominiums "does not require a different result." Id. at 922 n. 3 (Robertson, J., concurring). If the assessment system has "loopholes," as respondents allege, this Court cannot judicially legislate them away, but, rather, must presume either that the legislature so intended or, if not, that it is the function of the legislature, not the courts, to "look for abuses and evasions of the governing principle and to take action if deemed appropriate." Id. at 919.

Section 137.016.1(1) clearly and unambiguously provides that the properties that are the subject of this case are residential prop-

erties for purposes of tax assessment. The judgment of the circuit court is reversed.

All concur.