

# In the Missouri Court of Appeals
## Western District

MARY LOWE, )
                      Respondent, )
v. ) **WD76272**
                                 ) **FILED: May 20, 2014**
SUSAN HILL, )
                      Appellant. )

## APPEAL FROM THE CIRCUIT COURT OF JOHNSON COUNTY
### THE HONORABLE SUE DODSON, JUDGE

### BEFORE DIVISION TWO: GARY D. WITT, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND ALOK AHUJA, JUDGES

This is an appeal from the circuit court's judgment against Susan Hill and in favor of Mary Lowe on her claims for money had and received and unjust enrichment. Hill contends that the circuit court erred in entering judgment in Lowe's favor on her implied contract claims because an express contract covered the subject matter of the parties' dispute. For reasons explained herein, we reverse the circuit court's judgment.

### FACTUAL & PROCEDURAL HISTORY

On September 4, 2012, Mary Lowe filed a two-count petition against her daughter, Susan Hill, seeking recovery for money had and received (Count I) and unjust enrichment (Count II). Both counts of the petition alleged that on or around January 4, 2002, Lowe "provided funds to [Hill] totaling approximately" $45,000.00, and that "[s]aid funds were provided to [Hill] by [Lowe] with the agreement that said funds would be

returned to [Lowe] in monthly payments of approximately" $330.00 at an interest rate of 4.875%. The petition further alleged that "[o]n October 7, 2009, [Hill] acknowledged in writing the existence of the provisions of funds by [Lowe] to [Hill]; and that said sum remaining to be paid was approximately" $29,600.00.

Lowe alleged that Hill stopped making payments in March 2012. Lowe's petition asserted that she "requested all outstanding funds previously provided to [Hill] be returned," but Hill "refused and continues to refuse to return the funds to [Lowe]." Lowe sought judgment against Hill in the amount of $18,862.22, plus earned interest at the rate of 4.875% per annum.

A bench trial was held on January 28, 2013. At trial, Lowe testified on her own behalf and presented no other evidence. Hill had a standing objection to "any testimony regarding an oral loan, insofar as it went to create a different cause of action than that stated in [Lowe]'s petition." Hill did not cross-examine Lowe or present any evidence of her own.

At the close of Lowe's evidence, Hill filed a motion for judgment in her favor for Lowe's "failure to state a cause of action on which relief may be granted." Hill's motion was denied. At the conclusion of the trial, the court entered judgment for Lowe in the sum of $18,862.22, plus accrued interest in the amount of $3,836.52, and post-judgment interest at a rate of 4.875% per annum. Hill appeals.

## STANDARD OF REVIEW

We review this court-tried case under the standard articulated in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it

2

erroneously declares or applies the law. *Id.* We review the evidence in a light most favorable to the judgment, accept it as true, and disregard any contradictory evidence. *Murphy v. Holman,* 289 S.W.3d 234, 237 (Mo. App. 2009). We also defer to the trial court's determination of the weight to be given the evidence and to the credibility of the witnesses. *Id.*

**ANALYSIS**

In her first point on appeal, Hill contends the "circuit court erred in declaring and applying the law in entering judgment for [Lowe] . . . because judgment may not be had for either money had and received or unjust enrichment when there coexists an express contract for the payment of the subject money."

Claims for money had and received[1] and unjust enrichment[2] are both founded upon equitable principles whereby the law implies a contract to prevent unjust enrichment. *Karpierz v. Easley*, 68 S.W.3d 565, 570 (Mo. App. 2002) ("'A suit for money had and received is an action at law founded upon an implied contract created by law.'" (quoting *White v. Pruiett*, 39 S.W.3d 857, 863 (Mo. App. 2001))); *Pitman v. City of Columbia*, 309 S.W.3d 395, 402 (Mo. App. 2010) ("The principle of unjust enrichment has given rise to the doctrine of quasi-contract, also known as a contract implied in law,

---

[1] The specific elements of an action for money had and received are as follows: "(1) the defendant received or obtained possession of the plaintiff's money; (2) the defendant thereby appreciated a benefit; and (3) the defendant's acceptance and retention of the money was unjust." *Pitman v. City of Columbia*, 309 S.W.3d 395, 402 (Mo. App. 2010).

[2] An action for unjust enrichment is very similar to one for money had and received, requiring: "'(1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the fact of such benefit; and (3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable.'" *Id.* (quoting *White v. Pruiett*, 39 S.W.3d 857, 863 (Mo. App. 2001)).

3

as a theory of recovery."). It is a well-settled principle of law that implied contract claims arise only where there is no express contract. *A& L Underground, Inc. v. Leigh Const., Inc.*, 162 S.W.3d 509, 511 (Mo. App. 2005) (explaining that where an express contract exists, there is no need to imply one). Accordingly, a plaintiff cannot recover under an equitable theory when she has entered into an express contract for the very subject matter for which she seeks to recover. *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. App. 2010).

Lowe does not dispute the foregoing principle of law that the existence of an express contract bars recovery under an implied contract theory. Rather, Lowe asserts that the circuit court "did not find that the parties entered into a contract." Yet, Lowe presented no evidence of anything other than that she and Hill entered into an express oral loan agreement,[3] which Hill subsequently breached. Therefore, as asserted by Hill in her reply brief, "it can hardly be said that the record before the trial court could reasonably support a finding that no express contract existed between the parties."

Lowe argues that, "although [she] testified regarding an agreement with Ms. Hill . . . the trial court was free to believe none, part, or all of her testimony." Thus, citing to authority on the standard of review for court-tried cases, Lowe suggests that we must disregard any evidence of an express contract. We disagree.

First, Lowe's argument is curious in that it rests on the premise that *her* evidence of a loan agreement was contested and that the circuit court resolved the issue against her. Hill, however, did not contest Lowe's testimony regarding the loan agreement.

---

[3] There is no statute of frauds issue in this case because Lowe fully performed her part of the agreement. See *Serafin v. Med 90, Inc.*, 932 S.W.2d 422, 424 (Mo. App. 1996) ("The statute of frauds does not foreclose recovery on oral contracts by application of the statute if the contract has been fully performed by one of the parties.").

4

Although there was no stipulation of facts by the parties, Hill did not file any responsive pleadings, did not cross-examine Lowe, did not argue before the circuit court that Lowe lacked credibility as a witness, and did not present any evidence of her own. See *White v. Dir. of Revenue*, 321 S.W.3d 298, 308 (Mo. banc 2010) (listing the various ways a party can contest an issue). Thus, Hill did not contest Lowe's evidence of an express contract and, consequently, "the issue is [a] legal [determination] and there is no finding of fact to which to defer." *Id.* at 307.

Second, in its oral rendition of its judgment, the circuit court made a finding of an express contract: "The Court, after hearing the evidence, finds in favor of the Plaintiff and against Defendant in the amount of $18,862.22 principal plus interest at $3,863.52, and continuing to accrue at the *contract* rate of 4.875 percent." Had the circuit court not found a contract to be in existence, there would be no basis for its finding that interest of $3,863.52 had accrued through the judgment date or, for that matter, a basis for any finding in its judgment. Therefore, because the undisputed evidence could only support a breach of contract claim, and because the circuit court found that a contract did in fact exist, the court erred in allowing Lowe to recover on the theories of money had and received and unjust enrichment.

Lowe also suggests that, rather than reversing, we affirm the circuit court's judgment on a breach of contract theory. While it is true that we may affirm a trial court's judgment if cognizable under any theory — even one different than the theory on which the judgment was based, the alternative theory must have been pled and supported by the evidence. *Williams v. Williams*, 99 S.W.3d 552, 556 (Mo. App. 2003). Moreover, "[i]t is an elementary rule of law that in the face of an objection the plaintiff's

5

evidence must conform to the pleading." *Swan v. Stuart*, 353 S.W.2d 805, 806 (Mo. App. 1962). "This is because the pleader must not be permitted to prove that which he does not allege." *Id.*; see also *Memco, Inc. v. Chronister*, 27 S.W.3d 871, 875 (Mo. App. 2000) ("[O]ne cannot recover for a cause of action not pleaded.").

At trial, Hill had a standing objection to "any testimony regarding an oral loan, insofar as it went to create a different cause of action than that stated in [Lowe]'s petition." Therefore, Lowe's petition was not enlarged by the evidence to include a breach of contract claim, but was limited to her claims for money had and received and unjust enrichment. Thus, "'[h]aving chosen [her] route by way of [implied contract theories,] [Lowe] must recover on th[ose] theor[ies] and th[ose] alone if [s]he recovers at all.'" *Young v. Hall*, 280 S.W.2d 679, 681 (Mo. App. 1955) (quoting *Usona Mfg. Co. v Shubert-Christy Corp.*, 132 S.W.2d 1101, 1103 (Mo. App. 1939)). Accordingly, we cannot affirm the circuit court's judgment on a breach of contract theory. See *Heard v. Stahl*, 271 S.W.2d 68, 70 (Mo. App. 1954) ("When one contract is pleaded and another proved it amounts to a total failure of proof as to the contract relied upon and defeats recovery.").

For all the foregoing reasons, we reverse the circuit court's ruling in favor of Lowe on her claims for money had and received and unjust enrichment, and enter judgment in favor of Hill.[4]

### CONCLUSION

The judgment of the circuit court is reversed.

---

[4] Hill raises three points on appeal. However, due to our disposition of Hill's Point I, Points II and III are moot and need not be addressed.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.