**CORRECTED 9/02/16**



# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| MISSOURI STATE EMPLOYEES' RETIREMENT SYSTEM, | ) ) ) | |
| Respondent, | ) ) | |
| vs. | ) ) | WD79289 |
| RAYMOND E. SALVA, SR., | ) ) | Opinion filed: August 30, 2016 |
| Appellant. | ) ) | |

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
THE HONORABLE JENNIFER M. PHILLIPS, JUDGE**

Before Division Three: Victor C. Howard, Presiding Judge,
Lisa White Hardwick, Judge and Thomas H. Newton, Judge

Raymond Salva, Sr. appeals the summary judgment entered in favor of the Missouri State

Employees' Retirement System (MOSERS) on MOSERS's claim for money had and received

seeking to recover retirement benefits paid to Salva under a disqualification provision contained

in article XIII, section 3.12 of the Missouri Constitution. The judgment is affirmed.

Salva served as a member of the Missouri General Assembly from January 2003 through

December 2010. He vested in the retirement plan on January 1, 2009, and began receiving

monthly retirement benefits in January 2011. On June 26, 2013, Salva pleaded guilty in the

United States District Court for the Western District of Missouri to one felony count of theft of

government money. In the plea agreement, Salva admitted that from January 2003 until

February 2008, he received Social Security disability benefit payments that he was not entitled to receive due to his work activity.

The same month, MOSERS terminated Salva's retirement benefits relying on a disqualification provision contained in article XIII, section 3.12 of the Missouri Constitution. MOSERS demanded that Salva repay $29,929.20 in benefits he received between January 2011 and June 2013. Salva asked the MOSERS Board to review the decision to terminate his benefits and seek repayment of benefits already received. The Board reviewed the matter and denied Salva's appeal.

Thereafter, MOSERS filed an action for money had and received seeking to recover the retirement pension benefits that it had paid to Salva. Salva filed a counterclaim for breach of contract. Both parties filed motions for summary judgment. The trial court denied Salva's motion and granted MOSERS's motion finding that MOSERS was entitled to judgment as a matter on law on its claim for money had and received and on Salva's claim for breach of contract. This appeal by Salva followed.

Appellate review of the grant of summary judgment is *de novo*. *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548, 551 (Mo. banc 2014). The reviewing court applies the same criteria as the trial court in determining whether summary judgment was proper. *Id.* Summary judgment is only proper if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 551-52. Facts set forth by affidavit or otherwise in support of a motion for summary judgment are accepted as true unless contradicted by the non-moving party's response to the motion. *Id.* at 552. On appeal, the record is reviewed in the light most favorable to the party against whom judgment was entered, and that party is afforded the benefit of all reasonable inferences. *Id.*

2

In his three points on appeal, Salva contends that the trial court erred in granting MOSERS's motion for summary judgment and denying his on MOSERS's claim for money had and received.[1] In those points, he asserts that the trial court erred in granting MOSERS's motion for summary judgment and denying his because (1) it erroneously construed and interpreted article XIII, section 3.12 to establish a necessary element of MOSERS's claim, Salva's unjust retention of retirement funds and (2) MOSERS's claim sought retrospective application of Missouri law.

A suit for money had and received is founded upon equitable principles whereby the law implies a contract to prevent unjust enrichment. *Lowe v. Hill*, 430 S.W.3d 346, 349 (Mo. App. W.D. 2014). The elements of an action for money had and received are: (1) the defendant received or obtained possession of the plaintiff's money; (2) the defendant thereby appreciated a benefit; and (3) the defendant's acceptance and retention of the money was unjust. *Id.* at 349 n.1. Salva contends that his acceptance and retention of retirement benefits was not unjust because he did not belong to the class of individuals subject to disqualification under article XIII, section 3.12. Specifically, he argues that the provision cannot be applied against him because he was not convicted of a felony while serving in office but instead pleaded guilty to theft of government property nearly two and a half years after his retirement from the Missouri House of Representatives.

On November 7, 2006, Missouri voters amended the Missouri Constitution to include the following at issue in this case:

> Beginning January 1, 2007, any public official subject to this provision who is convicted in any court of a felony which occurred while in office or who has been

---

[1] Salva only challenges the summary judgment with respect to MOSERS's claim for money had and received; he does not raise any arguments regarding his claim for breach of contract.

removed from office for misconduct or following impeachment shall be disqualified from receiving any pension from the state of Missouri.

MO. CONST. art. XIII, § 3.12.

To construe a constitutional provision, a court uses the same rules that apply to statutory construction, except the former are given a broader construction due to their more permanent character. *Mo. Prosecuting Attorneys v. Barton Co.*, 311 S.W.3d 737, 741 (Mo. banc 2010). The primary goal in interpreting a constitutional provision is to ascribe to the words of the provision the meaning that the people understood them to have when the provision was adopted. *Id.* "The framers of the Constitution and the people who adopted it must be understood to have employed words in their natural sense, and to have intended what they have said. This is but saying that no forced or unnatural construction is to be put upon their language." *Wenzlaff v. Lawton*, 653 S.W.2d 215, 216 (Mo. banc 1983)(internal quotes and citation omitted). When words are not used in a technical or legal sense, they must be given their plain and ordinary meaning unless such construction will defeat the manifest intent of the constitutional provision. *Mo. Prosecuting Attorneys*, 311 S.W.3d at 742. Every word of a provision is presumed to have meaning. *Id.*

The relevant language of the disqualifying provision of article XIII, section 3.12 is "any public official…who is convicted in any court of a felony which occurred while in office." Salva contends that the provision did not apply to him because he was not a current public official at the time of his conviction. The plain and ordinary language of the provision, however, dictates what must occur while the public official is in office: a felony, not a conviction. Salva's construction of the provision that the disqualification provision applies to active rather than former public officials, specifically that a felony conviction while serving in office triggers the disqualification, ignores the plain language of the provision. The phrase "which occurred while

4

in office" modifies the noun "felony" rather than the more remote verb "is convicted." Under the last antecedent rule, "'relative and qualifying words, phrases, or clauses are to be applied to the words or phrase immediately preceding and are not to be construed as extending to or including others more remote.'" *Wyman v. Mo. Dept. of Mental Health*, 376 S.W.3d 16, 21 n.7 (Mo. App. W.D. 2012)(quoting *Rothschild v. State Tax Comm'n*, 762 S.W.2d 35, 37 (Mo. banc 1988)). Reading "which occurred" to modify the noun "felony" does not require adding language or rewriting the sentence to make grammatical sense—such as changing "was convicted" to "conviction" or making felony an adjective to describe conviction. Where a statute, or in this case a constitutional provision, is clear and plain, a court may not rewrite it under the guise of discerning intent. *State v. Rowe*, 63 S.W.3d 647, 650 (Mo. banc 2002). Moreover, Salva's construction is unreasonable. Under Salva's interpretation, a public official could commit a felony nearly every day in office and still receive retirement benefits from the state as long as the official resigns or is no longer in office before the date of conviction. "Construction of statutes should avoid unreasonable or absurd results." *Reichert v. Bd. of Educ. of City of St. Louis*, 217 S.W.3d 301, 305 (Mo. banc 2007).

Salva further asserts that the history of section 3.12 such as bill summaries and plain language explanations posted at the polls and in newspapers shows that the provision was not meant to disqualify him from retirement benefits because he was not convicted of a felony while serving in office. Article XIII, section 3.12 is not ambiguous; therefore, this court is necessarily confined to reviewing the words of the provision itself in context rather than considering extrinsic evidence.[2] *See Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476

---

[2] Even if the history of the provision is considered, the official ballot title and the fair ballot language are consistent with the text of the provision and suggest that the provision means what it says. The title read, "Shall Article XIII, section 3 of the Constitution be amended to require that legislators, statewide elected officials, and judges forfeit state pensions upon felony conviction, removal from office following impeachment or for misconduct…?" The title

S.W.3d 913, 917 (Mo. banc 2016)(citing *Independence-Nat. Educ. Assoc. v. Independence Sch. Dist.*, 223 S.W.3d 131, 137 (Mo. banc 2007))(where article I, section 26 of the Missouri Constitution was not ambiguous, Supreme Court would not consider extrinsic evidence of the debates of the constitutional convention to interpret the provision). The meaning on the face of the provision is controlling, and no forced or unnatural construction is permissible. *Wenzlaff*, 653 S.W.2d at 216. Salva's felony occurred while he was in office; therefore, he was a public official subject to section 3.12.

Next, Salva argues that MOSERS's claim for money had and received sought retrospective application of Missouri law. Specifically, Salva argues that article I, section 13 of the Missouri Constitution prohibits the State of Missouri from retrospectively disqualifying him from receiving retirement benefits when the laws in effect at the time he was accruing service time in the legislature did not allow for such disqualification and his felony was committed before the effective date of article XIII, section 3.12. He states that although he did receive three Social Security checks in 2007 and 2008, those checks added nothing to the federal government's case against him.

"Article I, section 13 of the Missouri Constitution prohibits the enactment of any law that is 'retrospective in its operation.'" *State v. Young*, 362 S.W.3d 386, 390 (Mo. banc 2012). "A law is retrospective in operation if it takes away or impairs vested or substantial rights acquired under existing laws or imposes new obligations, duties, or disabilities with respect to past transactions." *Id.*

described what occurred in this case; Salva forfeited his state retirement benefits upon his felony conviction. Also consistent with the unambiguous language of the provision was the fair ballot language. It read, "a 'yes' vote will amend the Missouri Constitution to disqualify any statewide elected official, member of the General Assembly or state judge from receiving any pension from the state of Missouri is such official is convicted of a felony which occurred while in office." It further read, "A 'no' vote would allow payment of a pension from the state of Missouri to any statewide elected official, legislator or state judge who is convicted of a felony occurring while they were in office or who were removed from office for misconduct or following impeachment." Like the ballot title, the fair ballot language described Salva's situation.

"A vested right 'must be something more than a mere expectation based upon an anticipated continuance of existing law.'" *Id.* (quoting *Doe v. Phillips*, 194 S.W.3d 833, 852 (Mo. banc 2006)). "Instead, it must have become a title, legal or equitable, to the present or future enjoyment of property." *Silcox v. Silcox*, 6 S.W.3d 899, 904 (Mo. banc 1999)(internal quotes and citation omitted). Under section 104.1084, RSMo Cum. Supp. 2013, a member of the general assembly must serve at least three full biennial assemblies to be eligible for retirement benefits. Salva had served only two full biennial assemblies on the effective date of the provision. He had no vested right to retirement benefits at that time. *See Silcox*, 6 S.W.3d at 904 (statute governing allocation and distribution of marital property at time of dissolution did not give husband a vested right in wife's retirement benefits prior to dissolution and, thus, application of another statute enacted prior to the dissolution that precluded treatment of her retirement benefits as marital property did not result in unconstitutional retrospective application of statute to impair any vested rights of husband). While Salva may have expected that he would become eligible for a pension from MOSERS if he completed a third biennial term, his mere expectation was not a vested right.

Additionally, article XIII, section 3.12 did not impose new obligations, duties, or disabilities on Salva with respect to past transactions. Contrary to Salva's argument, the felony was not committed solely before the effective date of the provision. In pleading guilty, Salva admitted in his plea agreement that from January 2003 until February 2008, he received Social Security disability benefit payments that he was not entitled to receive due to his work activity. Although attempting to downplay his actions after the effective date of section 3.12, he acknowledges that he received three Social Security checks of approximately $1600 each in 2007 and 2008. Salva committed a felony while in office after the enactment of section 3.12 and

7

was subsequently convicted for it.  The mere fact that he was committing a felony while in office before the adoption of section 3.12 did not shield him from the consequences of his actions after its adoption.  Article XIII, section 3.12, as applied to Salva, did not operate retrospectively in violation of the Missouri Constitution.  The point is denied.

The summary judgment of the trial court is affirmed.


_____
VICTOR C. HOWARD, JUDGE

All concur.