# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 23-1293

———————————————

Associated Electric Cooperative, Inc.

*Plaintiff - Appellant*

v.

Southwest Power Pool, Inc.

*Defendant - Appellee*

———————————————

No. 23-2627

———————————————

Associated Electric Cooperative, Inc.

*Plaintiff - Appellee*

v.

Southwest Power Pool, Inc.

*Defendant - Appellant*

———————

Appeal from United States District Court
for the Western District of Missouri - Springfield

———————

Submitted: June 13, 2024
Filed: August 5, 2024

———————

Before COLLOTON, Chief Judge, MELLOY and GRUENDER, Circuit Judges.
_____

MELLOY, Circuit Judge.

In today's companion opinion, *Associated Elec. Coop. v. FERC*, Nos. 22-3593, 23-1285, --- F.4th --- (8th Cir. Aug. 5, 2024), we denied Associated Electric Cooperative, Inc.'s ("the Cooperative") petition for review of the Federal Energy Regulatory Commission's ("FERC") decision to exercise primary jurisdiction over a contract dispute between Southwest Power Pool, Inc. ("Southwest") and the Cooperative. Additionally, we concluded that Southwest had compensated the Cooperative in accordance with the contract. At issue now is an appeal from the district court's[1] order in related proceedings. The district court agreed with FERC as to both jurisdiction and compensation. The Cooperative appeals. We affirm. Additionally, the district court denied Southwest's motion for contractual attorneys' fees and costs, which Southwest appeals. We affirm.

I.

During Winter Storm Uri, weather-related electricity shortages caused Southwest to contact the Cooperative to purchase emergency energy. The Cooperative provided Southwest with emergency energy, and afterwards, Southwest provided the Cooperative with payment in accordance with the parties' existing written contract, or "Tariff," on file with FERC.[2] The Cooperative claimed that Southwest's payment was insufficient and not in accordance with a separate oral agreement the Cooperative personnel had entered into with Southwest personnel

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

[2]For brevity we refer only to the Tariff, though the agreement between the parties also included a Market Participant Agreement and Joint Operating Agreement. *See Associated Elec. Coop., Inc. v. FERC*, Nos. 22-3593, 23-1285, --- F.4th --- (8th Cir. Aug. 5, 2024).

during Winter Storm Uri. Nonetheless, Southwest refused to pay more than the rate in the Tariff, and thereafter, the Cooperative brought suit in federal district court, claiming state law breach of contract and equitable claims.

Before the district court made any determinations, Southwest petitioned FERC for a declaratory order that the agency had primary jurisdiction over the contract dispute and that Southwest had properly compensated the Cooperative for the emergency energy transaction in accordance with the Tariff and filed rate. FERC agreed that it had primary jurisdiction over the emergency energy transaction and that Southwest had appropriately compensated the Cooperative in accordance with the Tariff. The Cooperative petitioned FERC for rehearing, which the agency denied. The Cooperative then petitioned us for review of FERC's orders. We denied the Cooperative's petitions in today's companion opinion, *Associated Elec. Coop. v. FERC*, Nos. 22-3593, 23-1285, --- F.4th --- (8th Cir. Aug. 5, 2024). In the opinion, we concluded that, applying either de novo or arbitrary and capricious review, FERC had primary jurisdiction, the Tariff on file with the agency controlled the dispute, and therefore the rate in the Tariff controlled Southwest's payment for emergency energy.

While Southwest's petition was pending before the Commission, Southwest moved in district court to dismiss the Cooperative's complaint. After FERC issued its order, the district court granted Southwest's motion, agreeing with FERC's determination that the agency had primary jurisdiction and that the Tariff controlled the parties' agreement and payment for the emergency energy transaction. Southwest then moved for reasonable attorneys' fees and costs, which the district court denied in part. The Cooperative now appeals the district court's grant of Southwest's motion to dismiss (No. 23-1293), and Southwest appeals the district court's denial of contractual attorneys' fees and costs (No. 23-2627). We affirm.

## II.

We review the district court's grant of a motion to dismiss de novo, viewing all facts in the light most favorable to the Cooperative as the nonmoving party. *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 953 (8th Cir. 2023).

The Cooperative first argues that the district court erred by deferring to FERC's determination that it had primary jurisdiction. The Cooperative argues that "the only reasonable interpretation of the district court's language is that it intended to defer to FERC's legal conclusions under res judicata principles." But the district court did not apply res judicata; the district court conducted "an independent review of the record" and concluded that FERC appropriately assumed primary jurisdiction. The district court further found that, regardless of which adjudicator assumed jurisdiction, the Tariff controlled the terms of the emergency energy transaction, and therefore the filed rate applied to the emergency energy payment. As already noted, we denied the Cooperative's petitions for review of FERC's orders in today's companion opinion after reviewing these issues de novo. Accordingly, we affirm the district court's determination that FERC had primary jurisdiction, the Tariff controlled the terms of the emergency energy transaction, and the filed rate applied.

The Cooperative argues that, alternatively, it is entitled to relief under theories of promissory estoppel, quasi contract, and unjust enrichment, as well as restitution and the doctrine of emergency assistance. Because this was a diversity action, the district court applied Missouri law. Under Missouri law, "implied contract claims arise only where there is no express contract." *Lowe v. Hill,* 430 S.W.3d 346, 349 (Mo. Ct. App. 2014). Thus, "a plaintiff cannot recover under an equitable theory when she has entered into an express contract for the very subject matter for which she seeks to recover." *Id.* "Instead, 'the plaintiff's rights are limited to the express terms of the contract.'" *Grisham v. Mission Bank*, 531 S.W.3d 522, 539 (Mo. Ct. App. 2017) (quoting *R & R Land Dev., L.L.C. v. Am. Freightways, Inc.*, 389 S.W.3d 234, 243 (Mo. Ct. App. 2012)). The district court found that the Tariff, as an express contract, precluded the Cooperative from recovering under alternative equitable

theories. We agree. The Tariff defeats the Cooperative's equitable claims because it is a contract for the exact subject matter for which the Cooperative seeks to recover. *Lowe*, 430 S.W.3d at 349. Accordingly, we affirm.

III.

The final issue before the Court is whether Southwest is entitled to attorneys' fees and costs pursuant to the parties' Joint Operating Agreement. The Court reviews the district court's denial of attorneys' fees for abuse of discretion. *Agrifund, LLC v. Heartland Co-op*, 8 F.4th 660, 667 (8th Cir. 2021). We review the district court's contract interpretation de novo. *Jacobson Warehouse Co. v. Schnuck Mkts., Inc.*, 13 F.4th 659, 681 (8th Cir. 2021).

Southwest argues that Article Ten, Section 10.1.4 of the Joint Operating Agreement requires the Cooperative to reimburse Southwest for attorney's fees and costs. Article Ten is titled "Dispute Resolution Procedures." Subsections 10.1.1 through 10.1.3 detail the steps the parties agree to take in the event of a dispute. Section 10.1.4 states:

> Exceptions. In the event of disputes involving Confidential Information, infringement or ownership of Intellectual Property or rights pertaining thereto, or any dispute where a Party seeks temporary or preliminary injunctive relief to avoid alleged immediate and irreparable harm, the procedures stated in this Article shall apply, but shall not preclude a Party from seeking such temporary or preliminary injunctive relief. If a Party seeks such judicial relief but fails to obtain it, the Party seeking such relief shall pay the reasonable attorneys' fees and costs of the other Party or Parties incurred with respect to opposing such relief.

The district court found that the plain language of Section 10.1.4 allowing for attorneys' fees did not apply to this dispute, and we agree. Section 10.1.4 is an exception to Article Ten's dispute resolution procedures. The plain language makes

-5-

clear that Section 10.1.4 applies only to "disputes involving Confidential Information, infringement or ownership of Intellectual Property or rights pertaining thereto, or any dispute where a Party seeks temporary or preliminary injunctive relief to avoid alleged immediate and irreparable harm." For the disputes enumerated in Section 10.1.4, a party may seek temporary or preliminary injunctive relief from a court in addition to following the dispute resolution procedures. The last sentence of Section 10.1.4 explains that where a party seeks injunctive relief from a district court, but fails to obtain "such" relief, that party must cover the other party's attorneys' fees and costs incurred defending that relief. The plain language does not extend the availability of attorneys' fees beyond litigating the exceptions enumerated in Section 10.1.4.

Southwest attempts to portray the last sentence of Section 10.1.4 as providing for attorneys' fees and costs in any dispute, but the only way to arrive at this conclusion is to ignore the plain meaning of "such," which refers back to temporary or preliminary injunctive relief sought for the disputes enumerated in Section 10.1.4. *Such, Black's Law Dictionary* (12th ed. 2024) (defining "such" as, "That or those; having just been mentioned"). Because the enumerated disputes are not present in the instant case, Southwest cannot recover attorneys' fees and costs under Article 10, Section 10.1.4.

Southwest alternatively argues that it is entitled to attorneys' fees under Arkansas and Missouri law. Arkansas Code § 16-22-308 and Missouri case law both provide prevailing parties with a right to reasonable attorneys' fees "when attorneys' fees are provided for by contract." *Jacobson Warehouse Co.*, 13 F.4th at 680 (citing *Essex Contracting, Inc. v. Jefferson Cnty.*, 277 S.W.3d 647, 657 (Mo. 2009) (en banc)). Thus, Arkansas and Missouri law are only relevant if Southwest has a claim under Section 10.1.4 of the Joint Operating Agreement. *Id.*; Ark. Code Ann. § 16-22-308. As we have already explained, Section 10.1.4 does not apply to the instant dispute, and therefore, the existence of Arkansas and Missouri law authorizing contracted-for attorneys' fees is irrelevant. Finally, although the Arkansas statute provides that a district court may award attorneys' fees and costs at its discretion,

the district court declined to do so here, and Southwest does not argue the district court abused its discretion in doing so. Ark. Code Ann. § 16-22-308; *see also Nat'l Am. Ins. Co. v. Hogan*, 173 F.3d 1097 (8th Cir. 1999) (applying abuse of discretion standard to review of district court's determination as to attorneys' fees). Accordingly, we find the district court did not abuse its discretion in denying Southwest discretionary attorneys' fees and affirm.

## IV.

For the foregoing reasons, we affirm the district court's grant of Southwest's motion to dismiss and its denial of Southwest's motion for contractual attorneys' fees and costs.

GRUENDER, Circuit Judge, concurring.

In the companion case, we denied the Cooperative's petitions for review of FERC's decision to assert primary jurisdiction and its ruling that Southwest had properly compensated the Cooperative. *See Associated Elec. Coop. v. FERC*, Nos. 22-3593, 23-1285, --- F.4th --- (8th Cir. Aug. 5, 2024). Having done so, we likely could affirm the district court's decision to dismiss this case on the alternative ground that this suit has now become an "impermissible collateral attac[k] upon, and de novo litigation between the same parties of issues determined by, the final judgment of the court of appeals" denying the petitions for review. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 341 (1958); *see also All. Pipeline L.P. v. 4.360 Acres of Land*, 746 F.3d 362, 366 (8th Cir. 2014). Congress "necessarily precluded" such collateral attacks because the petition-for-review process serves as the "specific, complete and exclusive mode for judicial review of the Commission's order[s]." *City of Tacoma*, 357 U.S. at 336; *see also* 16 U.S.C. § 825*l*(b). Yet Southwest did not defend the judgment on this ground, and the parties did not brief the issue. So the court instead decides this case by reviewing the FERC orders *de novo* for the purpose of rejecting the Cooperative's arguments in this appeal. *See ante* at 4. That hypothetical reasoning works here because the Cooperative's

arguments fail on their merits.  But the court's opinion should not be misread as endorsing any proposition contrary to *City of Tacoma*.  With that understanding, I concur.

———————————————————